IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DANA DeWeese BUNTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO. |
| | ) | |
| IDOC DCC CORRECTIONAL | ) | |
| CENTER FORMER WARDENS | ) | JURY TRIAL DEMANDED |
| SHELITH HANSBRO & JANE E. | ) | |
| MOSKUS; AWO JAMES E. BROWN, | ) | |
| MAJOR ANGELA LOCKE, | ) | |
| AND MICHAEL WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Defendant Michael Williams, a food service manager at the Decatur Correctional Center [hereinafter "DCC"], preyed on multiple vulnerable incarcerated women for years, abusing his authority within the Illinois Department of Corrections [IDOC] to commit misconduct and subject Plaintiff to cruel and unusual punishment. He is being criminally prosecuted in state court. In March 2019, he repeatedly sexually assaulted Plaintiff when she was assigned to work in food services at the DCC. The other Defendants failed to protect her and failed to supervise Williams in violation of their constitutional duties and are therefore also liable. Plaintiff has since been released from custody. This is a civil rights action with supplementary state law claims seeking monetary damages for her continued injuries.

## JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; Judicial Code, 28 U.S.C. §§1331 and 1343(a)(3) and (4), as this case arises under the Eighth and Fourteenth Amendments to the Constitution of the United States; and supplementary

jurisdiction, as codified in 28 U.S.C. §1367(a).

2. Venue is appropriate in the Central District of Illinois pursuant to 28 U.S.C. § 1391(b), as the events complained of occurred exclusively in this district.

## PARTIES

3. Plaintiff Dana DeWeese Buntain is a 39 year old woman. She was 5' 3" tall and weighed 120 pounds at the time of the incidents complained of herein. Ms. Buntain is currently a resident of Illinois. In March of 2019 she was in the custody of the Illinois Department of Corrections at the DCC, County of Macon, in the State of Illinois.

4. Defendant Shelith Hansbro was the warden of the DCC from September 1, 2010 until May 7, 2018. Her powers and responsibilities as warden included, without limitation, responsibility for promulgating and/or enforcing rules, regulations, and procedures to ensure the safety and security of those in her custody, including plaintiff Dana Buntain.

5. Defendant Jane E. Moskus was the warden of the DCC from May 7, 2018 until July 31, 2019. Her powers and responsibilities as warden included, without limitation, responsibility for promulgating and/or enforcing rules, regulations, and procedures to ensure the safety and security of those in her custody, including plaintiff Dana Buntain.

6. Defendant James E. Brown was the assistant warden for operations [AWO] of the DCC from August 17, 2016 until January 13, 2020. His powers and responsibilities as AWO included, without limitation, responsibility for promulgating and/or enforcing rules, regulations, and procedures to ensure the safety and security of those in her custody, including plaintiff Dana Buntain.

7. Defendant Angela Locke was a major with the Illinois Department of Corrections and the Prison Rape Elimination Act [PREA] Compliance Manager from May of 2017 to 2020 at the

DCC. Her powers and responsibilities included, without limitation, responsibility for promulgating and/or enforcing rules, regulations, and procedures to ensure the safety and security of those in her custody, including plaintiff Dana Buntain.

8. Defendant Michael Williams was the Food Services Manager, employed by the Illinois Department of Corrections, assigned to the DCC.

9. All defendants were, at all relevant times, employees of the Illinois Department of Corrections and were acting within the scope of their employment and under color of law. All are sued in their individual capacities.

## FACTS

10. Defendant Michael Williams was an IDOC employee until September 28, 2019, following his arrest for multiple felony charges of custodial sexual misconduct in violation of 720 ILCS 5/11-9.2(a)(1).

11. Defendant Williams' pending criminal charges resulted from his sexual assaults of seven (7) incarcerated women while he was an IDOC employee, from December 1, 2016 through March of 2019.

12. Plaintiff was imprisoned at the DCC, assigned to work in the kitchen under the supervision and control of Defendant Williams.

13. Defendant Williams made inappropriate and threatening comments to Plaintiff, including that he would like to "suck her neck" and referencing that he had viewed her Facebook page. Her attempts to be re-assigned to a different job were unsuccessful.

14. Defendant Williams told Plaintiff he was planning to start an apprentice program in the kitchen which would enable the women workers, including Plaintiff, to receive higher compensation.

3

15. During the first two weeks of March of 2019, Defendant Williams approached Plaintiff and told her that he was thinking of transferring to a different prison. When Plaintiff inquired about the apprentice program, Defendant Williams told Plaintiff he needed a "reason to stay," questioning why Plaintiff had not "hit on him" and requesting "a hug" from Plaintiff.

16. Plaintiff was scared and told Defendant Williams she did not want to get into trouble, but Defendant Williams responded "I got it set up," and told Plaintiff to go into the "spice room." Plaintiff felt she had no choice in the matter. Defendant Williams followed her inside, and closed the door.

17. Behind this closed door, Defendant Williams kissed Plaintiff on the mouth, and aggressively shoved his hand down Plaintiff's pants, without invitation or provocation, fondling her genital area, causing Plaintiff immediate pain, injury, humiliation and shame as she pleaded with him to stop.

18. Defendant Williams then left the room and closed the door behind him, subsequently knocking on the door and telling her it was "safe" to come out.

19. The following day, Defendant Williams followed Plaintiff to the cooler in the kitchen area and directed her to go to the spice room where he had assaulted her the day before. Again, Plaintiff felt she had no choice in the matter, and feared retribution, recrimination and this abuse of power.

20. Defendant Williams again followed Plaintiff into the room, closed the door and produced a condom from his wallet; he pulled down Plaintiff's uniform pants and placed his penis inside Plaintiff's vagina and sexually penetrated her from his position standing behind her.

21. Defendant Williams then instructed Plaintiff to take a shower and launder her clothes.

22. Plaintiff again requested a transfer to a new job assignment the next day, but did not make a formal complaint because she feared retaliation and knew that other women who

complained of employee sexual misconduct were immediately placed in segregation as a result.

23. Defendant Williams was in a position of power and authority over Plaintiff, incarcerated at the time, and was only able to access her, seclude her and sexually assault her as a direct result of his position with the Illinois Department of Corrections as food service manager at DCC.

24. Prior to Defendant Williams' sexual assaults of Plaintiff, other incarcerated women reported abuses by Defendant Williams, including *inter alia,*

a) On July 12, 2017, accusations of non-consensual sexual contact were made against Defendant Williams by an incarcerated woman;

b) On January 6, 2018, an incarcerated woman reported Defendant Williams and another incarcerated woman "messing around" and that they were engaged in inappropriate behavior with one another;

c) On September 5, 2018, an incarcerated woman reported Defendant Williams and the same incarcerated woman were isolated in the back by themselves for 35 minutes and that they were constantly engaged in inappropriate behavior with one another;

d) On November 21, 2018, an incarcerated woman reported inappropriate conduct between Williams and another incarcerated woman in an exit interview; and,

e) It was further reported that Defendant Williams gave money to and was having a sexual relationship with an incarcerated woman.

25. As a result of each of the above reports nothing was done to counsel or discipline Defendant Williams, and in fact the reports were merely dismissed as "rumors," incarcerated woman were placed in punitive segregation, Defendant Williams was not personally even interviewed, and no investigation and/or little investigation was conducted, resulting in the further protection of Defendant Williams' abusive criminal acts, further endangerment of incarcerated

women such as Plaintiff, as well as discouraging other incarcerated women from making reports of similar incidents.

26. Defendants Hansbro, Moskus, Brown and Locke knew that incarcerated women had reported Defendant Williams as a sexual predator.

27. Despite prior knowledge of the danger Defendant Williams posed to incarcerated women at DCC, Defendants Hansbro, Moskus, Brown and Locke took no action to discipline or otherwise remove him from contact with incarcerated women at DCC.

28. Despite prior knowledge of the danger Defendant Williams posed to incarcerated women at DCC, Defendants Hansbro, Moskus, Brown and Locke took no action to protect Plaintiff from this known sexual predator.

29. The policies and procedures promulgated and enforced by Defendants Hansbro, Moskus, Brown, Locke and/or Rogers allowed Defendant Williams access to vulnerable incarcerated women and the ability to seclude and isolate them, and they failed to protect women from his abuses, including Plaintiff.

30. As a result of Defendants' wrongful acts described herein, Plaintiff suffered and continues to suffer physical and psychological injuries, pain, suffering, severe mental distress, anguish, and humiliation.

## COUNT I
## [§1983 8th Amendment Deliberate Indifference Claim]
## [DEFENDANTS HANSBRO, MOSKUS, BROWN & LOCKE)

31. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

32. The population of DCC is exclusively women.

33. Numerous national standards and international treaties and standards recognize the danger posed to incarcerated women who are guarded or supervised by male officers without a

female officer present.

34. For more than 15 years, Defendants were aware of and required to adhere to the mandates of the Prison Rape Elimination Act of 2003, "a federal law that prohibits and seeks to eliminate sexual abuse and sexual harassment in correctional institutions." www2.illinois.gov/idoc/.../Pages/PrisonRapeEliminationActof2003.aspx.

35. Defendants were aware that they had the power, duty and authority to act, in conformity with the Illinois PREA law which provides that "(e)mployees, contract staff, and volunteers who engage in sexual contact or sexual misconduct with offenders will be terminated and referred for criminal prosecution when applicable." www2.illinois.gov/idoc/.../Pages/PrisonRapeEliminationActof2003.aspx.

36. The number of allegations of employee on prisoner sexual misconduct exploded from 2014 to 2017, as the Illinois Department of Corrections documented 31 allegations in calendar year 2014; 51 in 2015; 144 in 2016 and 189 in 2017. IDOC 2017 Annual PREA report.

37. Defendants Hansbro, Moskus, Brown and Locke were aware of numerous incidents of male IDOC employees sexually abusing incarcerated women within the Illinois Department of Corrections, including DCC.

38. Despite knowledge of the established standards, the prohibition of employee sexual misconduct, the prevalence of employee sexual misconduct in the IDOC, and the reports about Defendant Williams; Defendants Hansbro, Moskus, Brown and Locke were personally involved in failing to ensure, and deliberately indifferent to ensuring, the safety of incarcerated women, including Plaintiff, from sexual misconduct in one or more of the following ways:

a) Knowing about and/or turned a blind eye to the abusive and/or problematic behavior towards incarcerated women at DCC of Defendant Williams;

b) Knowing about and/or turning a blind eye to Defendant Williams' access and ability to seclude incarcerated women at DCC in areas where his abusive conduct could not be observed or detected;

c) Failing to properly train Defendant Williams to prohibit him from sexually assaulting and abusing incarcerated women at DCC;

d) Failing to properly supervise Defendant Williams to prohibit him from sexually assaulting and abusing incarcerated women at DCC;

e) Failing to properly investigate and discipline Defendant Williams to prohibit him from sexual assaulting and abusing incarcerated women at DCC;

f) Failing to create and/or implement policies to encourage incarcerated women to come forward with allegations of employee sexual misconduct in order that employee misconduct be stopped;

g) Failing to create and /or implement policies to properly train, supervise, discipline, monitor and otherwise control corrections employees;

h) Failing to appropriately and timely identify problems with employee sexual harassment and abuse of incarcerated women;

i) Failing and refusing to provide adequate care and protection of incarcerated women vulnerable to sexual harrassment and abuse;

j) Failing to take adequate preventative measures upon discovery of sexual harassment and abuse of prisoners; and/or

k) Possessing knowledge of sexual harassment and abuse of incarcerated women and approving and/or deliberately turning a blind eye to such harassment and abuse.

39. In addition, Defendants Hansbro, Moskus, Brown and Locke knew of the danger Defendant Williams posed to incarcerated women at DCC, and/or turned a blind eye to the danger

and did nothing to protect Plaintiff.

40. Defendants' lack of regard for and conscious disregard for Plaintiff's safety and security proximately was the proximate cause of the injuries she sustained during Defendant Williams' sexual assaults of Plaintiff in March of 2019.

41. Defendants' failures, acts and/or omissions constituted deliberate indifference and thus violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendants Hansbro, Moskus, Brown and Locke for actual or compensatory damages. Additionally, because the Defendants acted maliciously, willfully, wantonly, and/or in reckless disregard for Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from these Defendants. Plaintiff also requests that she be awarded her costs and attorney fees pursuant to 42 U.S.C. § 1988, and whatever additional relief this Court deems equitable and just.

## COUNT II
### [§1983 8th Amendment Failure to Intervene and/or Protect Claim]
### [DEFENDANTS HANSBRO, MOSKUS, BROWN & LOCKE)

42. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

43. Despite knowledge of the established standards, the prohibition of employee sexual misconduct, and the historical prevalence of employee sexual assault of incarcerated women in the IDOC and at DCC, Defendants Hansbro, Moskus, Brown and Locke were personally involved in their failures to intervene in the unconstitutional and unlawful conduct of Defendant Williams and/or to protect Plaintiff, in one or more of the following ways:

a) Failed to properly train Defendant Williams to prohibit him from sexually assaulting and

9

abusing incarcerated women at DCC;

b) Failed to properly supervise Defendant Williams to prohibit him from sexually assaulting and abusing incarcerated women at DCC;

c) Failed to properly investigate and discipline Defendant Williams to prohibit him from sexual assaulting and abusing incarcerated women at DCC;

d) Failed to create and/or implement and/or enforce policies to encourage incarcerated women to come forward with allegations of employee sexual misconduct in order that employee misconduct be stopped;

e) Failed to create and /or implement and/or enforce policies to properly train, supervise, discipline, monitor and otherwise control employees;

f) Failed to appropriately and timely identify problems with employee sexual harassment and abuse of incarcerated women;

g) Failed and refused to provide adequate care and protection of incarcerated women vulnerable to sexual harassment and abuse;

h) Failed to take adequate preventative measures upon discovery of sexual harassment and abuse of incarcerated women;

i) Possessed knowledge of sexual harassment and abuse of incarcerated women and approving and/or deliberately turning a blind eye to such harassment and abuse; and,

j) Failed to warn Plaintiff and/or failed to stop Defendant Williams from engaging in misconduct.

44. In addition, Defendants Hansbro, Moskus, Brown and Locke had knowledge of the danger Defendant Williams posed to incarcerated women at DCC and/or turned a blind eye to the danger he posed and failed to take adequate measures to protect the women from harm.

45. Defendants' lack of regard for and conscious disregard for Plaintiff's safety and

security proximately caused the injuries she sustained when Defendant Williams sexually assaulted her in March of 2019.

46. Defendants' failures, acts and/or omissions constituted failure to intervene and/or protect and thus violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendants Hansbro, Moskus, Brown and Locke for actual or compensatory damages. Additionally, because the Defendants acted maliciously, willfully, wantonly, and/or in reckless disregard for Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from these Defendants. Plaintiff also requests that she be awarded her costs and attorney fees pursuant to 42 U.S.C. § 1988, and whatever additional relief this Court deems equitable and just.

## COUNT III
## [§1983 14th Amendment Equal Protection Claim]
## [DEFENDANTS HANSBRO, MOSKUS, BROWN & LOCKE)

47. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

48. Defendants Hansbro, Moskus, Brown and Locke's personal involvement in being deliberately indifferent to Plaintiff and failing to protect her from sexual abuse, harassment, and degrading treatment violates Plaintiff's rights to equal protection of the law under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

49. Defendants' employment and assignment of a male employee to supervise Plaintiff and to allow Defendant Williams access and the ability to take Plaintiff alone into an enclosed room without proper supervision or surveillance created a hostile sexual environment and constitutes discrimination based on sex. This inferior treatment is not substantially related to any important

and legitimate governmental interest and violates Plaintiffs' rights to equal protection under the law and 42 U.S.C. §1983.

50. At all times relevant to this action, Defendants Hansbro, Moskus, Brown and Locke, and each of them were acting under color of law and, in doing so, deprived Plaintiff of the equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendants Hansbro, Moskus, Brown and Locke for actual or compensatory damages. Additionally, because the Defendants acted maliciously, willfully, wantonly, and/or in reckless disregard for Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from these Defendants. Plaintiff also requests that she be awarded her costs and attorney fees pursuant to 42 U.S.C. §1988, and whatever additional relief this Court deems equitable and just.

## COUNT IV
## [§1983 8th Amendment Claim]
## [DEFENDANT WILLIAMS)

51. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

52. The actions of Defendant Williams in sexually assaulting Plaintiff constituted unnecessary and wanton infliction of pain and were done maliciously and sadistically for the very purpose of causing harm, in violation of Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant Williams for actual or compensatory damages. Additionally, because

Defendant Williams acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this Defendant. Plaintiff also requests that she be awarded her costs and attorney fees pursuant to 42 U.S.C. §1988, and whatever additional relief this Court deems equitable and just.

### COUNT V
### DEFENDANT ASSAULTED AND BATTERED PLAINTIFF
(Supplementary State Claim - Assault and Battery)
(DEFENDANT WILLIAMS)

53. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

54. The actions of Defendant Williams in sexually assaulting and battering Plaintiff in March of 2019, were done intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences as to constitute the torts of assault and battery under the laws and constitution of the State of Illinois, and did directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

**WHEREFORE**, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant Williams for actual or compensatory damages. Additionally, because the defendant acted maliciously, willfully, wantonly, and/or in reckless disregard for the plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this defendant. Plaintiff also requests that she be awarded her costs and whatever additional relief this Court deems equitable and just.

### COUNT VI
### DEFENDANT SEXUALLY ABUSED PLAINTIFF
(Supplementary State Claim - Sexual Abuse)
(DEFENDANT WILLIAMS)

55. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

56. The acts of Defendant Williams in March of 2019, as described above, were done intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences as to constitute the tort of sexual abuse under the laws and constitution of the State of Illinois, and did directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant Williams for actual or compensatory damages. Additionally, because the Defendant acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this Defendant. Plaintiff also requests that she be awarded her costs and whatever additional relief this Court deems equitable and just.

**COUNT VII**
**DEFENDANTS NEGLIGENTLY FAILED TO PROTECT PLAINTIFF**
**(Supplementary State Claim - Negligence)**
**[DEFENDANTS HANSBRO, MOSKUS, BROWN & LOCKE]**

57. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

58. Defendants Hansbro, Moskus, Brown and Locke had a duty to Plaintiff to provide a safe and secure living and working environment and to prevent Defendant Williams from sexually assaulting Plaintiff.

59. Defendants Hansbro, Moskus, Brown and Locke breached their duty to Plaintiff in one or more of the following ways:

a) Failed to steps to protect Plaintiff from being sexually assaulted by Defendant Williams;

b) Failed to reasonably supervise, train, monitor, investigate, discipline employees in order to minimize the risk of employee attacks on incarcerated women, even though Defendants were aware of complaints of sexual assaults by IDOC employees.

60. Defendants' acts and/or omissions proximately caused damage and injury to Plaintiff and constitute the tort of negligence under Illinois law.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendants Hansbro, Moskus, Brown and Locke, for actual or compensatory damages. Plaintiff also requests that she be awarded her costs and whatever additional relief this Court deems equitable and just.

Dated: March 2, 2021

Respectfully submitted,

 /s/ JAN SUSLER
JANINE L. HOFT
JAN SUSLER
People's Law Office
1180 N. Milwaukee Avenue
Chicago, Illinois 60642
773/235-0070

Attorneys for the Plaintiffs

**Plaintiff demands a jury trial on each and every count of this Complaint**