UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| DANA DEWEESE BUNTAIN,<br><br>     Plaintiff,<br><br>v.<br><br>SHELITH HANSBRO, et al.,<br><br>     Defendants. | Case No. 21-1078 |

REPORT AND RECOMMENDATION

This case is before the Court on the Motion for Sanctions Against Illinois Department of Corrections Defendants (#57) filed by Plaintiff Dana Buntain ("Plaintiff"). Defendants James Brown, Shelith Hansbro, Angela Locke, and Jane Moskus ("IDOC Defendants") filed a Response (#64) in opposition. For the reasons discussed below, the Court recommends that the District Court deny Plaintiff's Motion for Sanctions (#57).

I.   Background

Plaintiff filed her complaint under 42 U.S.C. § 1983, alleging violations of her constitutional rights while she was incarcerated at Decatur Correctional Center. Plaintiff alleges Defendant Michael Williams sexually assaulted her in March of 2019. Further, Plaintiff alleges Defendants Brown, Hansbro, Locke, and Moskus failed to protect her from Defendant Williams and failed to enforce the IDOC Prison Rape Elimination Act zero tolerance policy.

In December 2021, Assistant Attorney General ("AAG") Hanan Malik entered her appearance as defense counsel. In June 2023, counsel for IDOC Defendants and Plaintiff's counsel agreed Plaintiff would be deposed on July 11.

On July 6, AAG Alan Remy Taborga entered his appearance as counsel for IDOC Defendants. While preparing for Plaintiff's deposition, AAG Taborga reviewed AAG Malik's case file and found a file containing Plaintiff's recorded prison calls. Apparently,

1

on November 22, 2022, the IDOC voluntarily provided AAG Malik a copy of Plaintiff's recorded prison calls from January 1, 2019, through June 1, 2019. AAG Taborga found notes indicating AAG Malik had listened to the calls from March 1, 2019, through March 7, 2019.

On July 7, AAG Taborga emailed Plaintiff's counsel stating, "I have reviewed the records in this case and noted that we have some that have not been turned over. I plan to issue supplemental rule 26 disclosures today and will send you a copy of those records . . . . Please let me know if you have any questions. I am available today if you would like to talk on the phone." (#57-1).

That day, Plaintiff's counsel and AAG Taborga spoke. AAG Taborga informed Plaintiff's counsel that defense counsel possessed recordings of every telephone call Plaintiff made from January 2019 to June 2019. He indicated he planned to question Plaintiff about these calls at Plaintiff's deposition, which was scheduled to take place four days from then. AAG Taborga informed Plaintiff's counsel that he would limit his questions to calls made from March 1, 2019, to March 11, 2019.

Plaintiff's counsel told AAG Taborga that she never received a notice of a subpoena for these records, the records themselves, nor an opportunity to object to or quash a subpoena. AAG Taborga stated that the recordings were obtained without a subpoena because in the Central District of Illinois, the IDOC produces evidence upon request of the Attorney General without a discovery request from *pro se* plaintiffs in *pro se* prisoner cases. Plaintiff's counsel stated this case had never been a *pro se* case and that Plaintiff had always been represented by counsel.

Plaintiff's counsel asked to postpone Plaintiff's deposition so she could listen to the recorded calls, to which AAG Tabora agreed. Later that day, AAG Taborga emailed Plaintiff's counsel a link to Plaintiff's recorded calls consisting of more than 900 recordings. Plaintiff states AAG Taborga failed to send the promised supplemental disclosure pursuant to Rule 26.

On July 10, Plaintiff's counsel emailed AAG Taborga and all defense counsel. She asked them to stop listening to any of the recordings while she researched "potential

2

remedies for what we believe to be at the very least a violation of discovery rules and a violation of Plaintiff's right to privacy." (#57-2). Plaintiff's counsel requested that they confirm by the end of July 10 whether they would comply with the request. AAG Taborga emailed back that day stating that he did not believe they had violated any discovery rules or any privacy interest. (#57-3). He stated that he would not consent to the request to stop listening to Plaintiff's recorded calls and that he was available to discuss concerns that afternoon. (#57-3).

That afternoon, Plaintiff's counsel and AAG Taborga met and conferred, but they were unable to resolve their disagreement. (#57-4). AAG Taborga suggested the parties ask the Court to conduct a hearing to resolve the dispute. Plaintiff's counsel declined and stated she believed it would be more productive to move forward with a motion for sanctions. AAG Taborga identified two additional days of calls he intended to ask Plaintiff about.

On July 12, 2023, Plaintiff filed her Motion for Sanctions, asking the Court to do the following:

> [1] Order all defense counsel to immediately cease listening to the recordings; [2] Bar all defense counsel from using the recordings as evidence in this matter, at Plaintiff's deposition, in dispositive motions, at trial, and all stages of litigation; [3] Instruct all defense counsel to return the records to the IDOC and to purge their files of the recordings and all documents related thereto; [4] Instruct all defense counsel not to discuss with any other prior, current or subsequent defense counsel the contents of the records already listened to; [5] Order additional sanctions, as the Court sees fit, against IDOC defendants for failing to comply with Rules 26 and 45, Fed. R. Civ. P., for the manner in which they obtained the recordings, their failure to timely disclose the fact that they sought and obtained the recordings, for causing delay in proceeding with Plaintiff's deposition, which added to her emotional trauma.

(#57 at 12-13).

II.    Analysis

A.    Rule 45

Plaintiff argues Defendants violated Rule 45 because they failed to issue a subpoena to IDOC to obtain Plaintiff's recorded prison calls, which gave Plaintiff no

3

opportunity to object or move to quash. Defendants argue they did not violate Rule 45 because no authority requires them to issue a subpoena to obtain Plaintiff's recorded prison calls.

Pursuant to Rule 45, a party has a general right to subpoena any person to produce designated documents for inspection and copying. Fed. R. Civ. P. 45. "If [a] subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The right to subpoena is not limitless, however. Generally, a party is only permitted to obtain discovery regarding a nonprivileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

In *Augusta v. Delta Air Lines, Inc.*, the court found that "the failure to issue subpoenas compelling the attendance of witnesses who appeared voluntarily provides no basis for quashing the depositions." 1980 U.S. Dist. LEXIS 12984, at *3 (N.D. Ill. May 2, 1980). There, two non-resident witnesses agreed to appear voluntarily for deposition without the defendant issuing subpoenas. *Id.* at *1. The plaintiff filed a motion to quash the depositions, claiming the court could only obtain jurisdiction over a non-resident witness by a subpoena. *Id.* at *2. The court noted, "The issuance of a subpoena is necessary to compel the attendance at a deposition of an unwilling or reluctant witness." *Id.* However, "while the service of a subpoena is a prerequisite to the imposition of sanctions upon a witness who fails to appear at the deposition, a subpoena is not necessary and is not a prerequisite to jurisdiction where a witness voluntarily agrees to appear for a deposition." *Id.* at *2-3.

In the criminal context, the court in *United States v. Feaster* denied the defendant's motion to suppress evidence that the county jail turned over voluntarily. 2017 WL 6492101, at *4 (W.D.N.Y. Nov. 6, 2017), *report and recommendation adopted,* 2017 WL

4

6409153 (W.D.N.Y. Dec. 15, 2017). In *Feaster*, the county jail voluntarily turned over to the government the defendant's recorded phone calls while he was inmate. *Id.* at *3. The government acknowledged that it issued no subpoena, but rather, that the county jail turned over the recordings in response to a verbal request from the government. *Id.* The defendant moved to suppress the calls on grounds that the government improperly obtained them without the court's leave and without issuing a subpoena under Rule 17 of the Federal Rules of Criminal Procedure. *Id.*

The court noted that the defendant "has cited no authority, and the Court has found none, requiring the government to obtain a court order or subpoena to obtain recorded jail calls." *Id.* The court stated that "a brief review of caselaw reveals that the government sometimes obtains them through voluntary production by the facility and sometimes by compliance with a Rule 17 subpoena—the difference apparently reflecting different policies and procedures of the particular jail facilities." *Id.* at *4. Further, the court noted that "where the desired material is in the hands of an agency that has a close working relationship with the government, the government may be able to obtain the material simply by informal request." *Id.* (quoting *United States v. Tucker*, 249 F.R.D. 58, 63 (S.D.N.Y. 2008)).

While not perfectly analogous or controlling authority, *Augusta* and *Feaster* provide guidance in this case. Here, like the third parties in *Augusta* and *Feaster*, IDOC agreed to voluntarily turn over Plaintiff's recorded calls without a subpoena. Plaintiff has provided no authority, and the Court has found none, holding that a party must issue a subpoena to a non-party who is willing to voluntarily produce evidence. Further, Plaintiff has provided no authority holding a subpoena must be issued to a non-party who is willing to voluntarily produce evidence so that opposing counsel may have the opportunity to move to quash. From experience, the Court also is aware of no such authority or obligation.

Plaintiff relies on *Robinson v. Moskus*, 491 F. Supp. 3d 359 (C.D. Ill. Oct. 1, 2020), arguing, "[t]he court clearly held that in order to obtain evidence from a non-party, a litigant must use Rule 45, as it provides the opportunity to object and move to quash, and

5

as it allows the court to monitor discovery and determine the consequences for a party's deviation from the Federal Rules of Civil Procedure." (#57 at 6). Plaintiff mischaracterizes *Robinson's* holding. In *Robinson*, the plaintiff made a Rule 34 request for production to two defendants who were IDOC employees. *Id.* at 360. While the defendants personally did not possess most of the documents the plaintiff sought, their employer, IDOC, did. *Id.* The defendants argued that because they did not personally possess the documents, the plaintiff must obtain the documents directly from the employer by subpoena. The court held that in such a case, "a plaintiff must subpoena the IDOC for documents in its possession and not in the possession of its employees pursuant to Rule 45, rather than seek the documents from the defendant personally under Rule 34." *Id.* at 366. The *Robinson* court did not hold that parties must issue a subpoena to obtain evidence from a non-party who is willing to voluntarily turn over evidence. For Plaintiff to suggest this seems disingenuous at best.[1]

Accordingly, the Court recommends that the District Court find that Defendants did not violate Rule 45 by obtaining Plaintiff's recorded calls without issuing a subpoena and giving Plaintiff notice of that subpoena. Plaintiff argues that if Defendants had issued a subpoena, she would have objected that the request was overbroad, sought irrelevant information, was not proportional to the needs of the case, was unduly burdensome, and violated her privacy. The Court need not address those objections because Defendants were not required to issue a subpoena for those records.

B.    **Sanctions**

Plaintiff also argues sanctions are warranted under Rule 37 because Defendants abused the discovery process by secretly obtaining the recordings and untimely producing them in violation of Rule 26(a) and 26(e). Defendants concede they untimely

---

[1] The Court does not condone any attempt to take quotes out of context for the purpose of mischaracterizing the court's actual holding in a cited case. In making arguments to the Court, an attorney represents that their legal contentions are warranted by existing law. A more cynical court might have construed this argument as an intentional misrepresentation of the case holding in violation of Rule 11.

6

produced the recorded prison calls, but argue that the delay in disclosing the calls to Plaintiff was harmless.[2]

Rule 26(a) requires a party to provide other parties with "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26(e) "requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is 'incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing.' " *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003) (quoting Fed. R. Civ. P. 26(e)(1)). They must do so "in a timely manner." Fed. R. Civ. P. 26(e)(1).

Pursuant to Rule 37, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In addition to or instead of the sanction of exclusion, "the court, on motion and after giving and opportunity to be heard . . . may order payment of reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(c)(1).

"The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David*, 324 F.3d at 856 (citation and quotations omitted). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* (citations and quotations omitted). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *David*, 324 F.3d at 856 (citation and quotations omitted). The following factors, though, should guide the court's discretion: "(1) the prejudice or surprise to the

---

[2] Defendants do not argue, and thus the Court does not address, whether the delay was justified.

party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

The first two factors weigh in Defendants' favor. Plaintiff argues that she has had to reschedule her deposition for which she already spent time preparing and that it will be traumatic for her to testify and relive her sexual abuse. Plaintiff also argues Defendants' late disclosure threatens to derail the discovery schedule. Further, if the Court allows the recordings, Plaintiff argues her counsel will need to expend many hours listening to the more than 900 calls.

While rescheduling her deposition may be somewhat prejudicial, Defendants mitigated this prejudice or surprise by agreeing to reschedule Plaintiff's deposition until Plaintiff's counsel could listen to the calls and discuss them with Plaintiff.

As to the claimed prejudice relating to the time necessary to listen to the calls, there is none. Had Defendants turned over the recordings upon receipt, Plaintiff would have had to listen to the calls. That they were turned over late causes Plaintiff's counsel no additional work. Moreover, Defendants agreed to identify the dates of the calls they planned to use during the deposition, roughly 13 days of calls. This would limit the hours Plaintiff's counsel would need to spend listening to the calls ahead of the deposition. To the extent Plaintiff would be prejudiced by the Court allowing Defendants to depose Plaintiff about the recordings, Plaintiff can largely cure this prejudice and surprise by doing exactly what the parties have agreed to: postponing Plaintiff's deposition.

The third factor weighs in neither party's favor. At this point, Defendants' late disclosure of the recordings has not disrupted the trial date. However, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery." *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010). The late disclosure has caused the parties to reschedule Plaintiff's deposition. While Defendants argue Plaintiff could ask to reschedule Plaintiff's deposition to yet a later date to give her more time to listen to the prison calls, or ask the Court to extend discovery, that would more likely cause a disruption to the trial date.

Given that the parties seem to have delayed discovery during the pendency of this motion, the trial date will likely get rescheduled now. This could have been avoided. Discovery closes September 22. It is unclear from the record whether Plaintiff has been deposed, although a docketed notice of deposition suggests that it is scheduled for September 13. The recordings at issue were disclosed on July 7, one day after AAG Taborga was assigned to the case and four days before Plaintiff's deposition was scheduled to take place. The parties agreed to postpone the deposition, and Defendants asked to reschedule it to a date later in July. Rather than promptly rescheduling the deposition and keeping the trial schedule on track, it appears that Plaintiff's deposition has been postponed until September 13. Had the parties sought to keep the trial as scheduled, either could have insisted on moving discovery forward while this motion was under advisement. Instead, it appears that discovery has been delayed, which will necessitate an extension and likely continuance of the trial date. While this sequence of events began with Defendants' disclosure of the recordings, the extent of the delay could have been avoided. Neither party is (or maybe both parties are) at fault for this outcome.

The fourth factor weighs in neither party's favor. On the one hand, the Court does not find that Defendants acted willfully or in bad faith. It appears Defendants' delay in disclosing the calls was an oversight, as AAG Malik had only listened to calls from March 1, 2019, through March 7, 2019, and perhaps had not concluded whether they would support Defendants' defenses or be used for impeachment purposes, if at all. As soon as AAG Taborga listened to the calls and determined they may be used to support Defendants' defenses, he informed Plaintiff's counsel and promptly turned them over.

On the other hand, under Rule 37, "a showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery sanction." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). "Even negligence is a degree of fault sufficient for imposing sanctions short of dismissal or default." *Taylor v. Cook Cnty. Sheriff's Off.*, 2018 WL 4101510, at *3 (N.D. Ill. Aug. 28, 2018). Assuming AAG Malik had concluded that she would use these records in support of the defense,

9

negligence can be presumed. However, there is nothing before the Court to bring it to this conclusion.

Weighing the above factors, the Court recommends that the District Court find Defendants' violation of Rule 26 was harmless and deny Plaintiff's Motion for Sanctions (#57).

IV. Conclusion

For the reasons discussed above, the Court recommends that the District Court deny Plaintiff's Motion for Sanctions (#57). The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 12th day of September, 2023.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE