UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA DEWEESE BUNTAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 21-1078-CSB-EIL ) |
| SHELITH HANSBRO, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

**COLIN S. BRUCE: U.S. District Judge:**

This cause is before the Court on Plaintiff's motion for sanctions against the IDOC Defendants and on Plaintiff's appeal of the Report and Recommendation entered by United States Magistrate Judge Eric I. Long, in which Magistrate Judge Long recommended that this Court deny Plaintiff's motion.

On July 12, 2023, Plaintiff filed a motion asking the Court to sanction the IDOC Defendants.[1] Therein, Plaintiff argued that the Court should sanction the IDOC Defendants based upon their failure or refusal to timely disclose certain relevant evidence pursuant to their discovery obligations under Federal Rule of Civil Procedure 26. Specifically, the IDOC Defendants failed to provide over nine hundred (900)

---

[1] "The IDOC Defendants" are Defendants James Brown, Shelith Hansbro, Angela Locke, and Jane Moskus. The IDOC Defendants are represented by the Illinois Attorney General's Office.

1

recorded prison calls to Plaintiff and her counsel to which Plaintiff was a participant while she was a prisoner with the IDOC at the Decatur Correctional Center.

Plaintiff argued that sanctions were warranted because Defendants had violated the discovery rules by obtaining the recordings without first issuing a subpoena to which Plaintiff could have objected.[2] Plaintiff further argues that, because Defendants did not issue a subpoena to which Plaintiff could have objected, Defendants have violated her right to privacy. Finally, Plaintiff contends that both monetary sanctions and evidentiary sanctions (*i.e.*, an order barring Defendants and their counsel from listening to the records further and from using them in this case) are warranted.

The Court referred Plaintiff's motion to United States Magistrate Judge Eric I. Long for a Report and Recommendation. On September 12, 2023, Magistrate Judge Long issued his Report and Recommendation that recommended to this Court that it deny Plaintiff's motion. Therein, Magistrate Judge Long found that a subpoena issued under Federal Rule of Civil Procedure 45 was not necessary because the IDOC had voluntarily provided the recorded telephone calls to the IDOC Defendants' attorneys. Therefore, Defendants had not violated the discovery rules or Federal Rule of Civil Procedure 45.

In addition, Magistrate Judge Long found that, although Defendants' disclosure of the recordings was untimely, any prejudice that Plaintiff encountered was harmless. Magistrate Judge Long noted that Defendants agreed to reschedule Plaintiff's

---

[2] The IDOC voluntarily produced the telephone recordings to the Illinois Attorney General without the issuance of a subpoena.

2

deposition so that her counsel could listen to the recordings prior to the deposition, and Magistrate Judge Long further noted that Plaintiff's counsel would have to listen to the tapes—whether the disclosure came timely or late. Therefore, any prejudice suffered was harmless, and sanctions were not warranted.

Plaintiff has now filed a timely appeal challenging Magistrate Judge Long's Report and Recommendation pursuant to Federal Rule 72 and 28 U.S.C. § 636. In her appeal, Plaintiff argues that Magistrate Judge Long erred by relying on inapposite case law and in ignoring applicable case law issued by this Court in *Robinson v. Moskus*, 491 F. Supp. 3d 359 (C.D. Ill. Oct. 1, 2020)(Hawley, M.J.). Plaintiff contends that *Robinson* correctly identified the fundamental unfairness of allowing Defendants, who are represented by the Illinois Attorney General's Office, to obtain material and records from the IDOC without first issuing a subpoena because this process allows the Illinois Assistant Attorneys General to choose what and when to disclose documents and material to a plaintiff and when not to do so. Plaintiff asserts that such a process is fundamentally unfair to her and to other plaintiffs because, unless a subpoena is issued pursuant to Federal Rule 45, a plaintiff may not know of the existence of such documents and material, which defense counsel may or may not decide to produce. Accordingly, Plaintiff argues that Magistrate Judge Long erred in his Report and Recommendation, and she asks this Court to (overturn) that portion of the decision that allows defense counsel representing IDOC employees to pursue discovery other than

pursuant to the restrictions and protections of Rules 26 and 45, using a properly issued and served subpoena, with notice and an opportunity to object.[3]

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*Id*. Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *Saunders v. City of Chicago*, 2017 WL 36407, * 8 (N.D. Ill. Jan. 4, 2017)(quoting *Weeks*, 126 F.3d at 943 ("Magistrate judges have 'extremely broad discretion in controlling discovery' when matters are referred to them for discovery supervision.").

Indeed, absent a ruling that is "contrary to law," a magistrate judge's decision will be set aside only if it "clearly erroneous." Fed. R. Civ. P. 72(a). As noted *supra*, an order is "clearly erroneous only when "the district court is left with the definite and firm conviction that a mistake has been made." *Saunders*, 2017 WL 36407, at *8 (quoting *Weeks*, 126 F.3d at 943). "If 'there are two permissible views, the reviewing court should

---

[3] Plaintiff indicates that she is not appealing Magistrate Judge Long's Report and Recommendation to the extent that he refused to impose sanction on the IDOC Defendants, which moots most of Plaintiff's appeal.

not overturn the decision solely because it would have chosen the other view.'" *Id.* (quoting *Ball v. Kotter*, 2009 WL 3824709, * 3 (N.D. Ill. Nov. 12, 2009)). Finally, where the non-dispositive matter is a discovery motion, Rule 72 requires a district court to employ an abuse of discretion standard of review. *Sommerfield v. City of Chicago*, 2008 WL 11395582, * 2 (N.D. Ill. Oct. 10, 2008); *Desmond as Trustee for Estate of Yellow CAB Affiliation, Inc. v. Taxi Affiliation Servs., LLC*, 2021 WL 4498910, * 1 (N.D. Ill. June 1, 2021).

In the instant case, the Court cannot say that Magistrate Judge Long clearly erred in his Report and Recommendation in which he recommended that Plaintiff's motion for sanctions against the IDOC Defendants be denied. As such, the Court agrees with and accepts Magistrate Judge Long's Report and Recommendation.

Plaintiff appears to rest her appeal on her contention that Defendants—through their counsel—violated her privacy rights by listening to the recorded telephone calls at issue. But as the United States District Court for the Southern District of Illinois has noted:

> While the Seventh Circuit has not addressed the issue of whether the attorney-client privilege protects recorded prison telephone calls directly, the Court has held that an expectation of privacy in prisoner or detainee recorded phone calls is unreasonable. *See United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir. 1989)("We believe that it was unreasonable for her to expect that telephone calls she placed to an inmate in a high-security federal penitentiary would be private.") The Court has also held that the otherwise applicable marital communication privilege does not apply during recorded prison calls due to the lack of confidentiality that is inherent in such communications. *See United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998).

*United States v. Tiner*, 2022 WL 1289353, * 2 (S.D. Ill. Apr. 29, 2022).

5

In other words, Plaintiff had no privacy interest in the calls that she made to her family and friends that were recorded while she was at the Decatur Correctional Center. Plaintiff has not denied that she was aware or that she should have been aware that her calls were being recorded, nor has she alleged that the calls at issue are protected by the attorney-client privilege. As such, Magistrate Judge Long did not err in refusing to preclude the recordings from being used during discovery.[4]

Even Defendants concede that their counsel should have produced the recordings to Plaintiff's counsel earlier. But Plaintiff has offered no evidence or argument with which to demonstrate that Magistrate Judge Long erred in concluding that this delay constituted harmless error. To the extent that Plaintiff is asking for a blanket ruling that the voluntary production of documents or material from the IDOC to the Illinois Attorney General's Office without the issuance of a subpoena first violates the Federal Rule of Civil Procedures' discovery rules, the Court considers such a ruling to constitute an impermissible advisory opinion because the facts and circumstances in this case demonstrate that, with or without a subpoena, defense counsel shared the material with Plaintiff's counsel, and any delay in the timing of that production constitutes harmless error.

**IT IS, THEREFORE, ORDERED:**

**1.    United States Magistrate Judge Eric I. Long's September 12, 2023 Report and Recommendation [66] is ACCEPTED and ADOPTED by the Court.**

---

[4] Whether the phone calls are relevant and admissible at trial is another matter.

2. Plaintiff's appeal of United States Magistrate Judge Eric I. Long's September 12, 2023 Report and Recommendation [67] is DENIED, and Magistrate Judge Long's ruling is AFFIRMED.

3.. Plaintiff's motion for sanctions against the IDOC Defendants [57] is DENIED.

Entered this 20th day of October, 2023

/s Colin S. Bruce
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE