# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| **DANA DeWeese BUNTAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **NO. 21-cv-01078** |
| | ) | |
| **IDOC DCC CORRECTIONAL** | ) | **Hon. Colin Stirling Bruce,** |
| **CENTER FORMER WARDENS** | ) | **District Judge** |
| **SHELITH HANSBRO & JANE E.** | ) | |
| **MOSKUS; AWO JAMES E. BROWN,** | ) | **Hon. Eric I. Long,** |
| **MAJOR ANGELA LOCKE,** | ) | **Magistrate Judge** |
| **AND MICHAEL WILLIAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF DANA BUNTAIN'S MOTIONS IN *LIMINE*

Plaintiff Dana Buntain, by her undersigned counsel, submits the following motions in *limine* for the Court's consideration.

## PLAINTIFF'S MOTION IN *LIMINE* NUMBER 1:
### CONSENT

Illinois law entitled "Custodial sexual misconduct" prohibits employees of any penal system from engaging in any type of sexual conduct or penetration with a person who is in the custody of that penal system. See: 720 ILCS 5/11-9.2(a). The law clearly states that: "A person is deemed incapable of consent, for purposes of this Section, when he or she is a[n] […] inmate in custody of a penal system." See: 720 ILCS 5/11-9.2(e); see also, *Farris v. Kohlrus*, No. 17-cv-3279, 2023 U.S. Dist. LEXIS 175361, *17 n. 1 (C.D. Ill. Sept. 29, 2023).

Additionally, because Defendant Williams was criminally charged for multiple felony charges of sexual misconduct against seven different women incarcerated at Decatur Correctional Center, from 2016 through 2019, and subsequently entered a plea of guilty to a

felony, Defendants should also be foreclosed from attempting to introduce the notion that any such sexual acts were somehow consensual, as no incarcerated person can consent to sex with prison staff.

In another case involving a plaintiff's Eighth Amendment claim for sexual misconduct against a correctional officer, this Court instructed the jury:

> Illinois law prohibits employees of any prison from engaging in any type of sexual conduct or penetration with a person who is in the custody of the prison. The law states that a prisoner or detainee is deemed incapable of consenting to the sexual conduct.

See, *Robinson v. Hansbro, et al.,* No. 13-2039-CSB, Dkt. 80, p. 23/47, March 17, 2016.

In the event that Defendants attempt to introduce the notion that sex between Defendant Williams and Plaintiff was somehow consensual, and/or that therefore Plaintiff was not harmed, they should be foreclosed from doing so.

## PLAINTIFF'S MOTION IN *LIMINE* NUMBER 2:
## EVIDENCE OF PLAINTIFF'S CONVICTIONS

Plaintiff respectfully moves this Honorable Court in *limine* to bar any evidence that Defendants may attempt to offer concerning Plaintiff's prior convictions. While, under Fed. R. Evid. 609(a)(1), the Court may admit evidence of prior felony convictions, it need not do so if, as here, such evidence would be more prejudicial than probative.

At trial, Plaintiff will present evidence that Williams forced her to perform sexual acts with him and that the Defendants failed to protect her from Williams. It is anticipated that Defendant Williams will directly deny her allegations, essentially calling Plaintiff a liar. Plaintiff's credibility will be at issue. Because Plaintiff's custodial rape occurred while she was incarcerated at Decatur Correctional Center, the fact of her incarceration is unavoidable. However, any additional evidence related to the crime for which she was incarcerated at the time of her custodial rape should be barred to avoid undue prejudice. So too should any evidence or argument related to other arrests, prison disciplinary history, and criminal convictions.

Under Fed. R. Evid. 609(a)(1), the Court may admit evidence of prior felony convictions which occurred within ten years to impeach the credibility of a witness only after it has balanced the probative value of the evidence against the risk of unfair prejudice to the witness. See Fed. R. Civ. P. 609(a)(1); *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008). "And, underscoring the text of the rule itself, the Seventh Circuit has cautioned courts to 'be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her.'" *Buchanan*, 2012 U.S. Dist. LEXIS 76597, at *3 (quoting *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)). The Court enjoys broad discretion in making that determination. *Kunz,* 538 F.3d at 675. The probative value of Plaintiff's conviction is substantially outweighed by the danger of unfair prejudice. *Hernandez v. Cepeda*, 860 F.2d 260, 264 (7th Cir. 1988) ("...the opposing party may not 'harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case.'").

Moreover, "the Court must exercise the utmost care to avoid the risk that the jury will consider the evidence of [Plaintiff's] conviction for improper purposes." *Jones v. City of Chi*., 2017 U.S. Dist. LEXIS 12857, at *30 (N.D. Ill. Jan. 31, 2017). See also *Barber v. City of Chi*., 725 F.3d 702, 714 (7th Cir. 2013) ("Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers."); *Jones*, 2003 U.S. Dist. LEXIS 11891, at *6 ("Thus, a jury may deny plaintiff a verdict and an award, not because it doubts his veracity but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent." (quoting *Earl v.*

3

*Denny's*, Inc., 2002 U.S. Dist. LEXIS 24066 (N.D. Ill. Dec. 13, 2002))). *5. See also *Jones,* 2017 U.S. Dist. LEXIS 12857, at *31 ("Defendants may impeach Jones by introducing the fact that he is a convicted felon and his date of conviction, but they may not reference his crime of conviction, the facts underlying the conviction, or the length of his sentence, as the jury could infer the seriousness of his crime from the length of his sentence."); *Martin v. City of Chi*., 2017 U.S. Dist. LEXIS 104914, at *11 (N.D. Ill. July 7, 2017).

None of Plaintiff's previous convictions have anything to do with Defendant Williams' custodial sexual misconduct or with the IDOC Defendants' failure to protect her from this predator under their supervision. Her convictions relate to her status as a person addicted to illegal drugs and desperate for the financial means to feed her addiction. The jury will likely be distracted by her convictions and unduly prejudiced with regard to the unfair assumption that her testimony should be scrutinized differently than another witness simply because she was incarcerated as a result of a felony conviction. The jury in this case should simply be instructed that Plaintiff was previously convicted of felonies related to illegal substances and financial crimes.

Plaintiff has a right to a fair trial. It has been often recognized that courts have a duty to ensure that civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them. Here, admission of Plaintiff's prior felony convictions risks that Plaintiff would not receive a fair trial, and instead be repudiated and rejected because of her criminal past and repeated run-ins with the law. Plaintiff respectfully requests that this Honorable Court rule that they are not admissible.

**PLAINTIFF'S MOTION IN *LIMINE* NUMBER 3:**
**PLAINTIFF'S MOTIONS IN LIMINE EXCLUDE IRRELEVANT EVIDENCE OF**
**PLAINTIFF'S UNRELATED CONDUCT AND PRIOR BAD ACTS**

Plaintiff moves to preclude Defendants from distracting or unfairly biasing jurors away from what matters in this case by denigrating Plaintiff's character. Evidence and argument related to Plaintiff's life circumstances and choices, past and present, and Defendants' characterizations related to them are irrelevant to the critical issue in this case: whether Defendants were deliberately indifferent to a substantial risk of harm to Plaintiff. Plaintiff seeks to exclude the following evidence accordingly.

Not one of Plaintiff's prior arrests, convictions, or disciplinary tickets are relevant to what matters in this case, which is: Williams' sexual assault of Plaintiff and Defendants failure to protect Plaintiff from Williams' assaults. Beyond mention that Plaintiff was incarcerated at Decatur Correctional Center, all such evidence should be excluded.

The Seventh Circuit is unequivocal: "the well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges." *Barber v. City of Chi*., 725 F.3d 702, 709 (7th Cir. 2013) (collecting Seventh Circuit cases). For good reason. We must not forget that one is innocent until proven guilty. Evidence of arrests, accusations or charges has "miniscule probative value"—it cannot even be used to impeach. *Id*.; see also *Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty."). It has nothing to do with whether the arrestee is "law-abiding," nor does it have anything to do with a Section 1983 plaintiff's claimed damages. *Nelson v. City of Chicago*, 810 F.3d 1061, 1068-69 (7th Cir. 2016) (holding plaintiff's "arrest history had 'miniscule probative value' on the question of his damages" and specifically

5

"warned against admitting a civil-rights plaintiff's arrest history on this theory of relevance").

Likewise, Plaintiff's disciplinary history while in the custody of the Illinois Department of

Corrections is inadmissible. Any such evidence only serves to improperly impugn Plaintiff's

character under Rule 404(b) and incentivize the jury to draw a propensity inference that Plaintiff

is a "general troublemaker," e.g., *Nelson,* 810 F.3d at 1069. Because such evidence has limited

probative value that is substantially outweighed by its prejudicial effect, this evidence must also

be barred.

### PLAINTIFF'S MOTION IN *LIMINE* NUMBER 4:
### EVIDENCE OF PLAINTIFF'S PAST OR CURRENT ROMANTIC OR SEXUAL RELATIONSHIPS

Evidence of Plaintiff's past or current romantic or sexual relationships must be barred.

Rule 412, Fed. R. Evid., entitled "Sex-Offense Cases: The Victim," provides in relevant part:

> (a) Prohibited Uses. The following evidence is not admissible in a civil or
> criminal proceeding involving alleged sexual misconduct:
>> (1) evidence offered to prove that a victim engaged in other sexual
>> behavior; or
>> (2) evidence offered to prove a victim's sexual predisposition.

The Advisory Committee Notes explain that the reasons for "expand[ing] the protection afforded

alleged victims of sexual misconduct" are "obvious":

> The need to protect alleged victims against invasions of privacy, potential
> embarrassment, and unwarranted sexual stereotyping, and the wish to encourage
> victims to come forward when they have been sexually molested do not disappear
> because the context has shifted from a criminal prosecution to a [civil] claim ….
> There is a strong social policy in not only punishing those who engage in sexual
> misconduct, but in also providing relief to the victim.

Fed. R. Evid. 412, Adv. Comm. Notes. Allowing introduction of such evidence may be

prejudicial and would distract from the focus of the trial: whether IDOC Defendants violated

Plaintiff's constitutional rights by failing to protect her from a predator employee, and whether

Defendant Williams violated her constitutional rights by perpetrating custodial sexual

misconduct (rape). But also, allowing introduction of such evidence is invasive and embarrassing and would have the effect of punishing Plaintiff for having come forward to seek justice from those responsible for protecting her.

Plaintiff's past or current romantic or sexual relationships are also not relevant, nor do they have any probative value whatsoever as to whether Defendants violated her constitutional rights. Fed. R. Evid. 401; Fed. R. Evid. 403. As one court explained, the "distress of sexual assault is rooted in the violation of one's body without consent" and "not in the number of" or type of "sexual partners that a person has chosen by act of free will." *Gowens v. Tidwell*, 2013 WL 2285446, at *2 (E.D. Mich. May 23, 2013) ("cautio[ning]" defendant against "making such a flippant assertion" like "imply[ing] that the degree of mental distress a sexual assault victim experiences is largely impacted by the victim's consensual sexual history").

Because there is a lack of relevance and no probative value to Plaintiff's other relationships, any such argument or evidence must be excluded, unless required to evidence Plaintiff's difficulty with relationships or lack of interest in them after she suffered the custodial assault, which should be admitted for the limited purpose of assessing damages.

### PLAINTIFF'S MOTION IN *LIMINE* NUMBER 5: REFERENCES TO PLAINTIFF'S PRIOR DRUG USE

The IDOC Defendants, having been custodians of Plaintiff during her incarceration, are aware that Plaintiff has prior convictions related to drugs. However, evidence of Plaintiff's drug use has absolutely no relationship to whether Defendants violated her constitutional rights. Indeed, allowing Defendants to present such evidence would solely serve to unfairly inflame the jury and bias them against Plaintiff.

The Seventh Circuit has held that a plaintiff's prior drug use has "no probative value." *Mankey v. Bennett*, 38 F.3d 353, 360 (7th Cir. 1994) (affirming grant of motion in *limine* "to

exclude all evidence of [plaintiff's] alcohol and drug use" in a case arising from a car accident). Under *Mankey*, evidence that Plaintiff has used drugs or at any point been arrested for, or convicted of, a drug-related offense is wholly irrelevant. Here, Plaintiff's prior drug use played no role in Defendant Williams' sexual assault; nor did it play any role in the IDOC Defendants' failure to protect her, nor has any Defendant ever suggested that her drug use played any role in her victimization. Any evidence regarding Plaintiff's drug use must be barred under Rule 401.

Even if Defendants could come up with some nominal probative value associated with Plaintiff's drug use (and they cannot), any probative value would be greatly outweighed by prejudice. As the Seventh Circuit has repeatedly warned, even in cases involving drug-related offenses (which this is decidedly not), there is "considerable danger" that evidence of prior illegal drug use "may so prejudice the jury that [the jury] will excessively discount" the plaintiff. *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007) (citing *United States v. Robinson*, 956 F.2d 1388, 1397 (7th Cir. 1992) and *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987)); see also *Mankey*, 38 F.3d at 360 (holding that in addition to having "no probative value," evidence of plaintiff's substance abuse "would be merely prejudicial").

When parties have attempted to introduce evidence of drug use to question an individual's character or propensity for truthfulness, the Seventh Circuit has also repeatedly denied such attempts. *Gallardo*, 497 F.3d at 733 (excluding evidence of prior drug use as an impermissible attempt at "a general character attack"); *Cameron*, 814 F.2d at 405 (excluding evidence of prior drug use and rejecting defendant's claim that "individuals who use illegal drugs are engaged in a lifestyle of crime and disrespect for the law"); *Robinson*, 956 at 1397 (excluding evidence of prior drug use where defendants were simply trying to suggest to the jury that people

"who have used drugs are more likely to tell lies"). There is thus wide recognition of the danger of bias and prejudice in allowing such evidence.

Additionally, such evidence would be prejudicial and inflammatory, and would also constitute improper character evidence under Rule 404(b), Fed. R. Evid.

This Court should follow the Seventh Circuit in barring evidence of, or reference to, Plaintiff's illegal drug use pursuant to Rules 401, 402, 403, and 404(b).

## PLAINTIFF'S MOTION IN *LIMINE* NUMBER 6: REFERENCE TO PLAINTIFF'S RECORDED TELEPHONE CALLS AND TABLET MESSAGES

The IDOC Defendants obtained from IDOC, without a subpoena, and without providing Plaintiff any notice or opportunity to object, recordings of *hundreds* of hours of Plaintiff's telephone calls to family and friends, close to a year's worth of calls, dating from January 1, 2019 to June 1, 2019 (this batch alone was more than 900 calls). A similarly produced second batch of calls comprise a whopping 1,721 calls, dating from November 30, 2019 to December 10, 2019; February 15, 2020 to March 15, 2020; and July 1, 2020 to August 31, 2020. Many of the recordings are as long as half an hour.

The IDOC Defendants then obtained from IDOC, again without providing Plaintiff any notice or opportunity to object, a 274 page print out of her tablet messages (hundreds of sent and received emails) from January 1, 2019 through August 31, 2020.

Plaintiff seeks to hold the defendants responsible for violating her constitutional and other rights by, *inter alia*, failing to supervise, monitor or control their employee Defendant Williams, and her access to the courts must not result in a complete sacrifice of her right to privacy to speak with her friends and loved ones while in custody. While Plaintiff was aware that her calls with family and friends might be monitored for security purposes, and knowing the

conversations were not a threat to security, she could never have imagined they would be scrutinized for this case and aired publicly before a jury.  In quashing a subpoena to the IDOC for an incarcerated person's calls, the court in *DeLeon-Reyes v. Guevara*, Nos. 18 CV 1028 and 18 CV 2312, 2020 U.S. Dist. LEXIS 225808 at *9-10, 2020 WL 7059444 (N.D. Ill. Dec. 2, 2020), held that, although a prisoner may have a lesser expectation of privacy to prison recorded telephone calls, "that does not mean her privacy interest in the phone calls is zero." The *DeLeon-Reyes* court recognized that while prisoners may know that prison employees have access to recordings, it does not follow that prisoners will expect these recordings will be accessible in civil proceedings, citing *Pursley v. City of Rockford*, 2020 U.S. Dist. LEXIS 50513, 2020 WL 1433827, at *2 (N.D. Ill. 2020); Simon, 2017 U.S. Dist. LEXIS 2461, 2017 WL 66818, at *2; Coleman, 2016 U.S. Dist. LEXIS 95752, 2016 WL 3974005, at *3.See also, *United States v. Daniels*, 902 F.2d 1238, 1244-45 (7th Cir. 1990) (observing that a prisoner's knowledge that his phone calls might be monitored does not amount to consent to having those calls recorded for all purposes); *Smith v. Maryland*, 442 U.S. 735, 749 (1979) (Marshall, J., dissenting) ("Privacy is not a discrete commodity, possessed absolutely or not at all. Those who disclose certain facts to a bank or phone company for a limited business purpose need not assume that this information will be released to other persons for other purposes.").

At the very least, Defendants must be required to identify as exhibits which telephone calls they intend to present at trial in order for the Plaintiff to make specific and additional relevancy and prejudicial arguments.

.

Plaintiff expects Defendants may try to redirect the jury's attention toward evidence which is irrelevant under Rules 401 and 402, and unduly prejudicial and inflammatory evidence under Rules 403 and 404(b), with no probative value.

There is no relevance to Defendants' violation of Plaintiff's constitutional rights as to who Plaintiff phoned or emailed, what she talked or wrote about, how many times she called or wrote, how much time she spent calling or writing, or any other aspect of her communications. Thus Rule 401 supports barring reference to the recordings and emails.

Some of Plaintiff's communications included issues addressed in other motions in *limine*, regarding past drug use and past or current romantic or sexual relationships. Plaintiff thus adopts and incorporates herein that motion.

### PLAINTIFF'S MOTION IN *LIMINE* NUMBER 7:<br>BAR DEFENDANTS' NON-RETAINED EXPERTS<br>AND NON-DISCLOSED OPINION TESTIMONY

On August 28, 2023, IDOC Defendants disclosed two non-retained experts, pursuant to Rule 26(a)(2)(c). They first identified Ryan Nottingham, Agency PREA Coordinator, saying he:

> is expected to testify under Rules 702, 703, and 705 on the following subject matters: his education, training, and the Prison Rape Elimination Act (PREA). Specifically, Mr. Nottingham is expected to testify how the Illinois Department of Corrections ("IDOC") investigates PREA complaints in compliance with national standards and provides guidelines for the prevention, detection, response, investigation, and tracking of all allegations. Mr. Nottingham is further expected to testify as to how facility staff members are trained regarding PREA. All facts and opinions that Mr. Nottingham is expected to testify about will be based upon Plaintiff's specific PREA complaints, PREA investigations generally, and his respective education, training, and experience.

That is the full extent of their disclosure with respect to Mr. Nottingham.

They next identified Bradley Rogers, Investigator, saying he:

> is expected to testify under Rules 702, 703, and 705 on the following subject matters: his education, training, and the investigations conducted regarding co-Defendant Mark Williams. Specifically, Mr. Rogers is expected to testify about

how investigations into staff members are conducted and the fact that the
investigations into Mr. Williams were done correctly. Further, Mr. Rogers can
testify regarding what actions may or may not be taken once an investigation
concludes that certain allegations are unsubstantiated. All facts and opinions that
Mr. Rogers is expected to testify about will be based upon the investigations
conducted regarding Mr. Williams, investigations generally, and his respective
education, training, and experience.

That is the full extent of their disclosure with respect to Mr. Rogers.

### A. The non-retained experts should be barred

For non-retained experts, under Rule 26(a)(2)(C), parties must disclose the subject matter
on which the witness is expected to present evidence as well as a summary of the facts and
opinions to which the witness is expected to testify. Defendants disclosed two non-retained
experts, articulating in nine lines for each their purported opinions.

Federal Rule of Civil Procedure 26(a)(2) is designed to prevent prejudicial surprise and
grant opposing parties an opportunity to assess an expert witness's methodology and opinions
through timely written disclosures. *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009).
Rule 26(a)(2)(C)(i) and (ii) require a party to identify the subject matter on which non-retained
experts are expected to testify and to provide "a summary of the facts and opinions" to which the
expert is expected to testify. See *Ballinger v. Casey's Gen. Store*, 2012 U.S. Dist. LEXIS 45024,
2012 WL 1099823, at *5 (S.D. Ind. Mar. 29, 2012) (purpose of Rule 26(a)(2)(C) summary is to
clarify a witness's "expected testimony ... and the bases for the conclusions.").

In *DeLeon-Reyes v. Guevara*, presented with a motion to strike a Rule 26(a)(2)(c)
disclosure, the court found the disclosures insufficient, where they "did not include specific facts
or opinions that the [...] experts would rely on in their testimony." *Id.*, at * 13.

The opinion in *DeLeon-Reyes v. Guevara* is rich with specific examples, spelling out what the disclosures were and explaining why they were insufficient. One lengthy quote (at * 13-14) offers helpful insight, to expose the problems with Defendants' disclosures here:

> For the first subject matter, Urdangen and Vail are offered for their opinions regarding the prosecution's decision to offer immunity to Guevara, the impact of the offer on the post-conviction proceedings, and its outcome. Doc. 622-6 at 11-12. (emphasis added). Urdangen and Vail's disclosures are insufficient. Simply stating they will offer an opinion or discuss "the impact" is inadequate without more. See *Slabaugh v. LG Elecs. USA, Inc*., 2015 U.S. Dist. LEXIS 38331, 2015 WL 1396606, at *3 (S.D. Ind. Mar. 26, 2015) (holding "[p]laintiffs need not outline each opinion in detail, but they must summarize them"). What is the witness's opinion? The Court does not know.

Because the disclosures for both Defendants' non-retained experts here are so similar, *Winger v. Jeffreys*, 2021 U.S. Dist. LEXIS 227708 (S.D. Ill. Nov. 29, 2021) is instructive.

Disclosures for four non-retained witnesses in *Winger* (at * 10) were:

> identical, which raises a red flag that the disclosures do not meet the purpose of Rule 26(a)(2)(C) disclosures to clarify a witness's expected testimony. See *Rodriguez v. Amer. Multi-Cinema, Inc*., No. 17-cv-455, 2020 U.S. Dist. LEXIS 204058, 2020 WL 87868315, at *2 (N.D. Ind. Nov. 2, 2020) (citations omitted). Furthermore, each summary states generally that each witness will testify as to the record, related policies and procedures, and the lack of merit to Winger's claims. There is no summary of the facts or any opinions or conclusions reached by the experts. See FED. R. CIV. P. 26(a)(2)(C)(ii).

At this juncture, on the eve of trial, the solution is to bar the witnesses from testifying. Rule 37(c)(1) provides: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See, *Musser v. Gentiva Health Servs*., 356 F.3d 751, 758 (7th Cir. 2004); *Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018).

B. *Rogers should be barred from testimony regarding possible actions after an investigation concludes.*

The vague disclosure with respect to Rogers indicates that he may testify "regarding what actions may or may not be taken once an investigation concludes that certain allegations are unsubstantiated." Rogers is an Internal Affairs investigator. His responsibility ends once the investigation is complete. According to the IDOC Administrative Directive on Sexual Abuse and Harassment Prevention and Intervention Program, as well as deposition testimony, where an investigation results in a finding of unsubstantiated, it is the warden and a review team and the PREA compliance manager who review the case, report their findings and any recommendations for improvement. After the investigation concludes, in other words, the Internal Affairs investigator plays no role and is not involved.

C. *In the alternative, the non-retained experts should be limited to their vague disclosures.*

In the alternative, this Court must carefully scrutinize the specific opinions and conclusions to which these "experts" will be allowed to testify. Experts, including non-retained experts, are limited in their testimony to the four corners of their reports. *Genesys Cloud Servs. v. Strahan,* No. 1:19-cv-00695-TWP-MKK, 2023 U.S. Dist. LEXIS 29972, at *26-27 (S.D. Ind. Feb. 23, 2023). These vague disclosures do not provide any guidance for either the Plaintiff or the Court. These witnesses must be barred from offering any opinions, as no opinions were disclosed. If he is allowed to testify at all, Mr. Nottingham should be limited to testifying about the PREA training given to these defendants and with regard to any PREA investigations of which he has personal knowledge. Similarly, if Mr. Rogers is allowed to testify at all, he should be similarly barred from offering any opinions, as no opinions were disclosed. Mr. Rogers should be limited to testifying as to his personal knowledge of the PREA investigations of Defendant Williams.

14

In the event the Court does not bar either or both of the disclosed non-retained experts, Plaintiff asks the Court to limit them to the Rule 26(a)(2)(c) disclosures.

D. *Other non-disclosed opinion testimony should be barred*.

Plaintiff also moves in *limine* to bar Defendants from eliciting undisclosed opinion testimony. Under Rule 26, for retained witnesses, parties must disclose written reports containing complete statements of all opinions. As Defendants failed to disclose any retained experts, the Court should not permit any such testimony at trial.

Additionally, the Court should bar other opinion testimony. The jury will sit in judgment of Plaintiff's credibility, which will be a key element at trial – whether the jury believes her testimony that Defendant Williams sexually assaulted her. Defendants may try to introduce evidence that Plaintiff's delay in reporting the assault is somehow related to the credibility of her report. Defendants or other witnesses, including non-retained experts, may attempt to offer their opinions about whether they believed Plaintiff, or whether they believe Plaintiff is credible. Such testimony would usurp the role of the jury. See, *Davis v. Duran*, 277 F.R.D. 362, 370 (N.D. Ill. June 10, 2011) ("It is a fundamental premise of our trial system that 'determining the weight and credibility of witness testimony . . . belongs to the jury who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'") (quoting *United States v. Scheffer*, 523 U.S. 303, 313, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998)). Any such testimony must therefore be barred.

The Court should also bar testimony from any undisclosed fact witness. Such testimony is prohibited under Rule 37(c)(1), and should be barred accordingly.

15

**PLAINTIFF'S MOTION IN *LIMINE* NUMBER 8:**
**JUDICIAL NOTICE OF DEFENDANT MICHAEL WILLIAMS' CRIMINAL**
**PROSECUTION AND CONVICTION**

In 2019, Defendant Williams was prosecuted in the Circuit Court of Macon County,

Illinois, accused, by way of Information, of at least 26 counts of Custodial Sexual Misconduct

and at least 7 counts of Official Misconduct, both as to seven women incarcerated at Decatur

Correctional Center over a period of three years while he was employed at the Food Service

Supervisor. [Exhibit A, Buntain 434-440, 454, 462-487].

On January 26, 2022, Defendant Williams pled guilty to Count V of Custodial Sexual

Misconduct, a Class 3 Felony, namely:

> that on or about March 29th, 2019, county of Macon Illinois, the above named
> defendant did commit the offense of Custodial Sexual Misconduct in that said
> defendant, who was an employee of a penal system, namely the Illinois
> Department of Corrections, knowingly engaged in an act of sexual conduct with a
> person who was in the custody of the Illinois Department of Corrections at the
> time E.R., date of birth 11-16-71, in that said defendant placed his hand on the
> breast of E.R. for the purpose of sexual gratification or arousal of the victim or the
> defendant.

[Exhibit B, Transcript of Williams Guilty Plea, Buntain 525-535].

He also pled guilty to Count XXVII of Official Misconduct, also a Class 3 Felony,

namely:

> that between March 22nd, 2019 and March 29th, 2019, in the county of Macon
> Illinois, the above named defendant did commit the offense of Official
> Misconduct in that said defendant, in his official capacity, who was a public
> employee, employed by the Illinois Department of Corrections, knowingly
> performed an act, which he knew was forbidden by the law to perform, in that he
> engaged in an act of sexual conduct or penetration with a person who was in the
> custody of the Illinois Department Corrections at the time, E.R., date of birth 11-
> 16-71.

[*Id.*].

16

On June 10, 2022, he was sentenced. The sentence included a ten year registration on the sex offender registry, 20 months of probation, 50 days in jail, and sex offender treatment, and an order of no contact, directly or indirectly, with every alleged victim in the case. There was also a Financial Sentencing Order, which included, *inter alia*, a $250 DNA fee. [Exhibit C, Williams Sentencing Transcript, Buntain 371-433].

Under Rule 201, Fed. R. Evid., the Court may take judicial notice of the facts contained in these documents. Rule 201(b)(2), Fed. R. Evid., provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(c) provides: "The court (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." See, *In re Steven Robert Lisse*, 905 F.3d 495, 496-97 (7th Cir. 2018) (Easterbrook, J., in chambers) (court took judicial notice of two court orders, which it referred to as public records, citing *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998), noting, "Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper."). See also *Michigan v. United States Army Corps of Eng'rs*, 758 F.3d 892, 899 (7th Cir. 2014) (taking judicial notice of government reports); *Sroga v. Laboda*, 748 Fed. Appx. 77, 78 n. 1 (7th Cir. 2019) (taking judicial notice of a public document posted on a city website, noting "We can take judicial notice of an adjudicative fact if it can be readily determined from sources whose accuracy cannot reasonably be questioned," citing Fed. R. Evid. 201(b)).

Plaintiff asks that the Court take judicial notice of the informations charging Defendant Williams, the guilty plea, and the sentence, as specified above.

17

**PLAINTIFF'S MOTION IN *LIMINE* NUMBER 9:**
**REFERENCE TO PLAINTIFF AS A FELON, INMATE, CONVICT, OFFENDER, EX-OFFENDER, OR CRIMINAL**

The violation of Plaintiff's civil rights took place in Decatur Correctional Center, while she was incarcerated. Counsel for Defendants, as well as the Defendants themselves, may refer to Plaintiff or fact witnesses, in the jury's presence, as "felons," "inmates," "convicts," "offenders," "ex-offenders," "criminals," or other such labels which would denigrate and discredit Plaintiff and such witnesses in the eyes of the jury, and could inflame and bias the jury. Such name-calling would have no probative value; to the contrary, it would be prejudicial and inflammatory. It would also constitute improper character evidence under Rule 404(b), Fed. R. Evid. Plaintiff thus asks the Court to bar Defendants from using such terms when referring to Plaintiff or witnesses.

**PLAINTIFF'S MOTION IN *LIMINE* NUMBER 10:**
**REFERENCE TO STATE FINANCIAL STATUS, TAXPAYER PAYING ANY VERDICT**

Plaintiff moves to bar all comments, testimony, evidence or argument concerning the fiscal state of the IDOC or the State of Illinois, and to portraying the jurors as taxpayers or as footing the bill of a potential verdict against Defendants. See, *Godfrey v. Easton*, 2022 U.S. Dist. LEXIS 138220 * 2-3 (S.D. Ill. Aug. 3, 2022) (granting Plaintiff's motion in *limine* to bar such reference).

**PLAINTIFF'S MOTION IN *LIMINE* NUMBER 11:**
**REFERENCE PLAINTIFF'S FINANCIAL INCENTIVES**

Plaintiff moves to bar all comments, testimony, evidence or argument referring to any possible financial incentive on the part of Plaintiff. From Defendant Williams' deposition testimony, there is concern that he may attempt to so testify. See *Godfrey v. Easton*, 2022 U.S. Dist. LEXIS 138220 * 3 (S.D. Ill. Aug. 3, 2022) (granting Plaintiff's motion in *limine* to bar

18

such reference).

## PLAINTIFF'S MOTION IN *LIMINE* NUMBER 12:
## REFERENCE TO POTENTIAL DEFENDANTS NOT NAMED

There may be actors who Plaintiff chose not to sue, and this election is irrelevant

to Defendants Hansbro, Moskus, Brown, Locke, and Williams' liability for Plaintiff's harm. Fed.

R. Evid. 401. Jurors will be asked to determine liability and damages with respect to only the

Defendants in this case and at trial. See *Graham v. Bennett*, 2007 U.S. Dist. LEXIS 17902 * 9-

10, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence that individual was once

a party to action because, "evidence of these dismissed counts is irrelevant to whether Defendant

used excessive force and the prejudice resulting from admission of this evidence outweighs its

probative value."); Seventh Circuit Pattern Jury Instructions 1.26 (2017 Ed.) ("You should

decide this case as to the remaining parties"). Thus, any reference to or argument about

individuals who were not sued will distract the jury and confuse the issues, and should be

excluded. Fed. R. Evid. 403.

WHEREFORE, Plaintiff asks the Court to limit Defendants as set forth above.

Additionally, Plaintiff reserves the right to amend her motions in *limine* upon receipt of

Defendants' trial exhibit and witness lists.

Dated: January 22, 2024                    Respectfully submitted,

                                           s/ Jan Susler
                                           Janine L. Hoft
                                           Jan Susler
                                           Hakeem Muhammad
                                           People's Law Office
                                           1180 N. Milwaukee, 3rd floor
                                           Chicago, IL 60642
                                           773.235.0070

                                           Attorneys for Plaintiff