IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA DEWEESE BUNTAIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELITH HANSBRO, et al. ) <br> ) <br> Defendants. ) | Case No. 21-cv-1078 <br><br> Honorable Colin S. Bruce |

### DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY, RESET THE DISPOSITIVE MOTIONS DEADLINE, AND TO STAY ALL TRIAL DEADLINES

NOW COME Defendants, James Brown, Shelith Hansbro, Angela Locke, and Jane Moskus, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Fed. R. Civ. P. 37(a), hereby submit motion for extension of time to complete discovery, reset the dispositive motion deadline, and to stay all trial deadlines. In support of their motion, Defendants state as follows:

1. On August 30, 2022, the Court set the deadline to complete discovery to July 28, 2023, the dispositive motions deadline to August 23, 2023, and set the matter for trial on February 20, 2024. [Doc. 40].

2. On March 27, 2023, the Court extended the deadline to complete discovery to September 22, 2023 and the deadline to file dispositive motions to October 23, 2023. [d/e: 3/23/2023].

3. On July 6, 2023, the undersigned filed a notice of appearance on behalf of Defendants. [Doc. 55]. The undersigned replaced AAG Lindsay VanFleet, who was previously assigned to this matter.

4. On July 6, 2023, the undersigned issued a notice of deposition to Plaintiff that scheduled her deposition for July 11, 2023[1]. [Doc. 56].

5. On July 7, 2023, the undersigned informed Plaintiff's counsel that he planned to use Plaintiff's recorded prison calls during the deposition.

6. On July 7, 2023, Plaintiff's counsel asked the undersigned to cancel Plaintiff's deposition in order to allow Plaintiff and Plaintiff's counsel an opportunity to listen to the recorded prison calls that the undersigned intended to use. The undersigned agreed and informed the parties that the deposition would be cancelled. [Doc. 64-1].

7. On July 12, 2023, Plaintiff filed a motion for sanctions against Defendants. [Doc. 57]. Plaintiff motion asked the Court to prohibit Defendants from using Plaintiff's recorded prison calls during her deposition and throughout all stages of litigation. [Doc. 57, page 12].

8. On July 19, 2023, Defendants served Plaintiff with their First Set of Interrogatories and their First Request for Production of Documents. [Doc. 59].

9. On August 28, 2023, Defendant received Plaintiff's responses to their discovery demands. [Doc. 73-2].

10. On September 12, 2023, Magistrate Judge Long issued a report and recommendation that recommended Plaintiff's motion for sanctions be denied. [Doc. 66].

11. On September 13, 2023, the parties participated in a status conference with Magistrate Judge Long. During the conference, the parties provided Magistrate Judge Long an update on all outstanding discovery issues. Magistrate Judge Long stated that he was not sure if the Court would keep the current trial deadlines due to the outstanding discovery issues.

---

[1] The date of the deposition was scheduled while AAG VanFleet was assigned to the matter.

Magistrate Judge Long issued a minute entry that noted that a further status hearing may be set at a later date. [d/e: 9/14/2023].

12. On September 26, 2023, the parties participated in a Rule 37 conference and discussed the issues that Defendants had with Plaintiff's responses.

13. On September 26, 2023, Plaintiff filed an objection to Magistrate Judge Long's report and recommendation. [Doc. 67].

14. On October 13, 2023, Defendants received Plaintiff's supplemental responses to their discovery demands. [Doc. 73-3].

15. On October 20, 2023, the Court accepted and adopted Magistrate Judge Long's report and recommendation and denied Plaintiff's motion for sanctions. [Doc. 72].

16. On October 26, 2023, Defendants filed a motion to compel that asked the Court to order Plaintiff to provide the information sought in their interrogatories and to provide the documents requested in their request for production. [Doc. 73].

17. On November 1, 2023, the undersigned began his paternity leave.

18. On November 9, 2023, Plaintiff filed her reply to Defendant's motion to compel. [Doc. 77]. In her response, Plaintiff alleged that Defendants failed to conduct a Rule 37 before filing their motion to compel. [Doc. 77, pages, 1-2].

19. On December 19, 2023, Magistrate Judge Long denied Defendants' motion to compel and directed the parties to meet in good faith to try to resolve the dispute in accordance with Rule 37(a)(1). [Doc. 78]. Magistrate Judge Long further stated that Defendants may renew their motion to compel after conducting the Rule 37 conference. [Doc. 78].

20. On January 9, 2024, the undersigned returned from paternity leave.

21. On January 16, 2024, Plaintiff's counsel sent the undersigned an email that informed him that they would be complying with the trial deadlines set by the Court's August 30, 2022 Order.

22. On January 22, 2024, the parties participated in a Rule 37 conference in order to comply with Magistrate Judge Long's December 19, 2023 Order and also address the issues raised in Defendants' motion to compel. The parties mutually agreed to delay the Rule 37 conference until after the Court rules on Defendants' motion herein.[2]

23. Defendants respectfully request this Court grant a 90-day extension, up to and including April 21, 2024, to complete discovery in this matter. Defendants need additional time to resolve the outstanding discovery issues regarding Plaintiff's responses to their first set of interrogatories and first request for production of documents. Defendants also need additional time to conduct Plaintiff's deposition. The undersigned deferred conducting Plaintiff's deposition until all outstanding discovery issues regarding her responses to Defendants' discovery demands are resolved. The undersigned intends to use Plaintiff's responses to Defendants' discovery demands as a way to streamline and focus his line of questioning during the deposition.

24. Defendants further intend to file a motion barring Plaintiff from using her expert witness during the extended discovery period. Plaintiff's expert witness testified that her opinion was based in part on "good leadership" and common sense. Courts have held that if a proffered expert opinion addresses matters that are "truly in the realm of common sense, then [an expert's] testimony is superfluous and will provide no benefit to the trier of fact." *United States v. Palomino*, No. 11-CR-718, 2014 U.S. Dist. LEXIS 77744, at *8 (N.D. Ill. Jun. 9, 2014);

---

[2] Plaintiff's counsel was consulted and stated that she agreeable to the following language in a paragraph about the parties' meet and confer.

4

*Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) ("An expert must testify to something more than what is obvious to the layperson in order to be of any particular assistance to the jury."). Defendants submit that it will take careful consideration from the Court to determine whether Plaintiff's expert should be permitted to testify at trial.

25. Defendant did not previously file a motion for extension of time with the Court because they believed that the discovery period had been extended by Magistrate Judge Long after the September 13, 2023 status conference due to the ongoing discovery issues between the parties. Defendants' belief was reinforced when Magistrate Judge Long, on December 19, 2023, ordered the parties to participate in a Rule 37 conference to discuss Defendants' issues with Plaintiff's responses to their written discovery demands. Magistrate Judge Long's Order did not indicate that the discovery period in this matter had ended. [Doc. 78].

26. Plaintiff counsel's actions also led Defendants to believe that discovery had been extended. Plaintiff's counsel attempted to conduct a Rule 37 conference while the undersigned was out on paternity leave. Plaintiff's counsel sent emails to the undersigned's supervisor in November and December of 2023 about issues she had with Defendants' responses to Plaintiff's written discovery demands. [Exhibit 1, Plaintiff counsel's 12/8/2023 email]. Defendant submits that Plaintiff counsel's emails suggest that she also believed that the discovery period in this matter was ongoing.

27. Defendants diligently attempted to complete discovery in accordance with the deadline set by the Court on March 27, 2023. However, Defendants were prevented from completing discovery due to actions taken by Plaintiff. Defendants cancelled Plaintiff's July 11, 2023 deposition at the request of her attorney. Defendants had to litigate whether they could use Plaintiff's recorded prison calls during Plaintiff's deposition because she filed a motion for sanctions that sought to prohibit the use of those calls. Plaintiff's refusal to give complete,

5

explicit, and responsive answers to Defendants' written discovery demands has forced them to participate in a Rule 37 conference with Plaintiff's counsel, file a motion to compel, and schedule an additional Rule 37 conference to discuss Defendants' issues with Plaintiff's supplemental responses.

28. There is good cause to extend the discovery deadline because Defendants have been diligently working on this matter and fully completing discovery benefits all parties in this matter. Good cause is a non-rigorous standard that has been construed broadly. See *McCann v. Cullinan*, 2015 U.S. Dist. LEXIS 91362, at *20 (N.D. Ill., Jul. 14, 2015) ("Under Rule 6, 'good cause' is not a high standard.").

29. It would be highly prejudicial to deny Defendants the opportunity to depose Plaintiff. Defendants intend to ask Plaintiff to provide additional details about the date that she was allegedly assaulted by Michael Williams. Plaintiff's Complaint does not provide a specific date and time for when she was allegedly assaulted by Mr. Williams, rather it alleges that Plaintiff was assaulted "during the first 2 weeks of March." [Doc. 1, page 4]. Plaintiff's Complaint is also vague as to what exactly transpired between Plaintiff and Mr. Williams during each encounter. [Doc. 1, page 4]. Defendants intend to ask Plaintiff about a phone call she made on April 11, 2019, where she stated in sum in substance, investigators tried to get me to tell on something that I don't have no clue about. They thought I knew something and I didn't. You can't make me say something that I don't know.

30. Defendants also intend to ask Plaintiff about additional phone calls where she told her friends that she did not know anything about Mr. Williams.

31. Defendants further intend to ask Plaintiff about her decision to wait approximately 17 months after the alleged assault to inform investigators about the assault or why she waited approximately 6 months after she retained her attorneys to inform investigators

6

about the assault. It is unlikely that Defendants would be permitted to engage in this line of questioning during the trial, but this line of questioning would be entirely appropriate to ask in a deposition.

32. Without an extension of time to complete discovery, Defendants would be forced to conduct a trial by ambush and would be denied the opportunity of learning critical information about Plaintiff's claim in advance of trial.

33. Defendants respectfully ask the Court to extend the deadline to file dispositive motion to a date 30 days after the end of discovery. Defendants believe they have a strong argument to make in support of dismissal. Defendants note that the honorable Judge Sara Darrow dismissed nearly identical claims made by another inmate against Defendant Moskus in *Wadlow v. Williams*, CDIL No. 20-cv-2202. [Exhibit 2, Summary Judgment Order, pages 6-7]. Defendants believe that the legal analysis utilized by Judge Darrow would apply to all the named defendants in the present matter.

34. Defendants also respectfully ask the Court to stay all deadlines related to trial until after discovery is completed and dispositive motions are filed.

35. This motion is not made for the purpose of undue delay, but is made in good faith.

36. Defendants are only seeking a reasonable extension of time, which will minimize any prejudice caused to Plaintiff.

37. The undersigned was informed by Plaintiff's counsel that she objects to Defendants' request to extend discovery, reschedule the deadline for dispositive motions, and the staying of the current trial date.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court grant their motion and grant any further relief that the Court deems necessary and just.

Dated: January 22, 2024							Respectfully submitted,

Kwame Raoul
Attorney General					By:	s/    *Alan Remy Taborga*
State of Illinois						Alan Remy Taborga
*Counsel for Defendants,*					Assistant Attorney General
JAMES BROWN, SHELITH				Office of the Illinois Attorney General
HANSBRO, ANGELA LOCKE,				1776 East Washington Street
and JANE MOSKUS					Urbana, Illinois 61802
								Phone: (217) 278-3332
								E-Mail: alan.taborga@ilag.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, I electronically filed the foregoing, *Defendants' Motion for Extension of Time to Complete Discovery, Reset the Dispositive Motions Deadline, and Stay All Trial Deadlines*, with the Clerk of Court using the CM/ECF system, which will send notification to the following participants:

| | |
|---|---|
| Janine Hoft | janinehoft@peopleslawoffice.com |
| Hakeem Muhammad I | akeemmuhammad498@gmail.com |
| Janis M. Susler | jsusler@gmail.com |
| Monroe D. McWard | mdmcward@mcwardlaw.com |

By: *s/ Alan Remy Taborga*
Alan Remy Taborga
Assistant Attorney General
Office of the Illinois Attorney General
1776 East Washington Street
Urbana, Illinois 61802
Phone: (217) 278-3332
E-Mail: alan.taborga@ilag.gov