UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANA DEWEESE BUNTAIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No.: 21-1078-CSB-EIL** |
| | ) | |
| | ) | |
| SHELITH HANSBRO, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Plaintiff's thirteenth motion *in limine*.

Plaintiff has filed a thirteenth motion *in limine*, asking the Court to exclude

certain evidence that Defendants produced to her after the close of discovery. Plaintiff

notes that, pursuant to the Court's Order, discovery closed on September 22, 2023.

Nevertheless, Defendants produced additional material to her (specifically, additional

email and telephone records from when she was imprisoned at the Illinois Department

of Correction's Decatur Correctional Center)[1] on three separate occasions after this date.

Plaintiff moves the Court to exclude this evidence and to bar Defendants from using

this evidence at trial because their three disclosures of this material were untimely and

because Defendants could have, but did not, obtain this material prior to the close of

discovery.

---

[1] Although she refers to three Exhibits in support of her motion, Plaintiff has not
attached any Exhibits to her thirteenth motion *in limine*.

1

Defendants respond that they had an obligation under Federal Rule of Civil Procedure 26(e) to supplement their discovery responses, and that is what they did. Defendants assert that the material and records at issue were not in their possession until they produced them to Plaintiff. On the contrary, the material and records were in the IDOC's possession, and the IDOC's possession is not the equivalent of them possessing the material and records. Defendants represent to the Court in their response that they submitted the evidence to Plaintiff in a timely manner after receiving it from IDOC, and therefore, Defendants assert that they should not be punished for complying with their duty to supplement under Federal Rule 26(e).

Plaintiff's thirteenth motion *in limine* is preliminarily denied. As Defendants note, Federal Rule 26(e) required them to supplement their discovery responses and disclosures. Plaintiff has offered no evidence that Defendants waited until after the close of discovery to make these untimely disclosures, and Defendants have denied that they did so. Moreover, the Court agrees that, just because the records were in the IDOC's possession and just because Defendants work for the IDOC, that does not mean that Defendants possessed the documents for Federal Rule 26's purposes.

Whether Defendants will be allowed to use, as evidence at trial, all of the emails and telephone records that they produced to Plaintiff remains to be seen. However, the Court will not exclude them now pursuant to Plaintiff's thirteenth motion *in limine*.

**IT IS, THEREFORE, ORDERED:**

1.      **Plaintiff's thirteenth motion *in limine* [88] is preliminarily and conditionally DENIED.**

ENTERED this 14th day of February, 2024

       s/ Colin S. Bruce
       COLIN S. BRUCE
       UNITED STATES DISTRICT JUDGE