UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA DEWEESE BUNTAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 21-1078-CSB-EIL |
| | ) |
| | ) |
| SHELITH HANSBRO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Plaintiff's motions *in limine*.

Plaintiff has filed the instant motions *in limine*, seeking evidentiary rulings from

the Court prior to the February 20, 2024 trial. Defendants have filed a response to

Plaintiff's motion, and therefore, Plaintiff's motions are ripe for adjudication.

### Motion *in limine* Number 1: Consent

In her first motion *in limine*, Plaintiff asks the Court to preclude Defendants from

arguing or attempting to offer any evidence that she consented or agreed to any sexual

contact or sexual encounters with Defendant Michael Williams. Plaintiff argues that,

because she was an inmate with the Illinois Department of Corrections ("IDOC") at the

time of her (alleged) sexual assault, she was incapable of consenting under Illinois law

to the sexual contact between her and Defendant Williams. Therefore, Plaintiff argues

that the Court should not allow Defendants to offer any evidence or to make any

1

argument that Plaintiff (allegedly) consented to the sexual contact with Defendant Williams.

Defendants object to Plaintiff's motion *in limine* number one. Defendants argue that whether or not Plaintiff consented to the contact with Defendant Williams is irrelevant to the question of whether Plaintiff faced an objectively substantial risk of serious harm so that her Eighth Amendment rights were violated. Although the United States Court of Appeals for the Seventh Circuit has not directly resolved this issue, Defendants point to two federal district court cases from Wisconsin, which interpreted the Seventh Circuit's holding in *J.K.J. v. Polk County*, 960 F.3d 367 (7th Cir. 2020), for the proposition that a defendant may argue consent as a defense in a situation such as the one here. Therefore, Defendants ask the Court to deny Plaintiff's motion *in limine* number one.

As Plaintiff notes, the undersigned has previously held that a defendant may not offer evidence or make any argument to the jury that a prisoner within the IDOC consented to or agreed to any sexual contact with an IDOC correctional officer or staff member.[1] *See Robinson v. Hansbro, et al.*, CDIL No. 13-2039, at D/E 66 pg. 18. As the undersigned explained in *Robinson*,

> The purpose of the state law is to protect inmates who, because of the authority correctional officers have over them, may not feel able to resist sexual advances. Based on the state law, any sexual conduct between Plaintiff and Ware was not consensual, period. This court concludes that

---

[1] The Court notes that United States District Judge Sue E. Myerscough reached the same conclusion in a separate case. *See Doe v. Macleod*, CDIL No. 18-3191, D/E 215 at p. 2.

any supposed consent by Plaintiff was most likely coerced by Ware's position of authority.

*Id.*

The Court sees no reason to depart from this conclusion in this case. Illinois law is clear: "A person is deemed incapable of consent, for purposes of this Section, when he or she is a[n] . . . inmate in custody of a penal system." 720 ILCS 5/11-9.2(e). Because Plaintiff could not consent pursuant to Illinois law to Defendant Williams' sexual advances or attacks, the Court finds that any evidence that she may have consented or agreed to sexual interactions with Defendant Williams is irrelevant and is precluded by Illinois law.

Accordingly, Plaintiff's motion *in limine* number one is granted. Defendants, Defendants' witnesses, and defense counsel may not attempt to offer any evidence or make any argument to the jury regarding any alleged consent or agreement by Plaintiff to any sexual advances or sexual contact or sexual activities between Plaintiff and Defendant Williams. Defense counsel should inform their clients and witnesses of the Court's ruling on this motion.

### Motion *in limine* Number 2: Plaintiff's Convictions

In her second motion *in limine*, Plaintiff asks the Court to bar any evidence regarding her prior criminal convictions. Plaintiff argues that any evidence regarding her arrests, prison disciplinary history, and criminal convictions are more prejudicial than probative of the issues that the jury must decide in this case. Plaintiff asserts that none of her previous arrests, prison disciplinary history, or convictions have anything

to do with Defendant Williams' (alleged) custodial sexual misconduct or with the IDOC Defendants' failure to protect her from this sexual misconduct under their supervision. Therefore, Plaintiff moves the Court to prohibit Defendants from offering such evidence or from making such argument to the jury at trial.

Defendants ask the Court to deny Plaintiff's motion regarding her criminal convictions. Defendants argue that Plaintiff has failed to meet her burden of demonstrating that the evidence of her criminal convictions are inadmissible for any purpose. Defendants assert that Plaintiff's credibility is central to the trial of this case, and only she and Defendant Williams know exactly what transpired between the two of them. As such, Defendants contend that they should be allowed to present evidence of Plaintiff's prior convictions to the jury because those convictions are relevant to her truthfulness, especially Plaintiff's forgery conviction. Accordingly, Defendants ask the Court to deny Plaintiff's motion *in limine* number two.

According to Defendants, Plaintiff has the following criminal convictions in the past ten years: Failure to Report to Penal Institution; Unlawful Possession of Controlled Substance; Unlawful Possession of Methamphetamine and Possession of Stolen Vehicle in June 2017; Forgery in May 2014; and Burglary in September 2013. "Federal Rule of Evidence 609(a) permits a party in a civil case to attack a witness's character for truthfulness by introducing evidence of 'a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year.'" *Fisher v. Fapso*, 2015 WL 5692901, * 1 (N.D. Ill. Sept. 25, 2015)(quoting Fed. R. Evid. 609(a)(1)).

4

The "admissibility of such evidence is subject to the limitation set out in Federal Rule of Evidence 403 . . . ." *Id.*

Federal Rule of Evidence 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*; *Turubchuk v. E.T. Simonds Constr. Co.*, 2016 WL 1029371, * 3 (S.D. Ill. Mar. 15, 2016). "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004)(internal quotation marks omitted).

The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. *United States v. Gant,* 396 F.3d 906, 909 (7th Cir. 2005). Specifically, the district court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *Id.* (internal quotation omitted).

Here, other than her conviction for forgery, Plaintiff's convictions and sentences are not crimes of dishonesty and have no relation to the acts complained of in this case. *E.g., Suarez v. City of Warren*, 2018 WL 6381100, * 3 (E.D. Mich. Dec. 6, 2018) ("Plaintiff's

5

juvenile convictions for marijuana possession and arson certainly do not involve a dishonest act or a false statement, and thus, would not be admissible for impeachment purposes under Rule 609(a)(2).”); *Olutosin v. Gunsett*, 2019 WL 5616889, * 14 (S.D.N.Y. Oct. 31, 2019)(holding that “convictions for other crimes of force, *i.e.*, arson, burglary, armed robbery, illegal possession of a firearm, and assault and battery’ are not particularly ‘probative of credibility for purposes of Rule 609. Therefore, the impeachment value of Plaintiff’s past crimes (other than her forgery conviction) would be of little assistance to the jury, especially given the age of her crimes and the fact that her crimes has no relation to his claims in this case.”)(internal quotation omitted); *Hill v. Arnold*, 2015 WL 3523199, * 5 (N.D. Cal. June 4, 2015)(“Here, the Court finds that Plaintiff’s convictions for murder and attempted arson fail under the Rule 403 test, and therefore cannot be admitted as impeachment evidence under Rule 609(a) during the first phase of trial.”).

Of course, Plaintiff’s testimony and her credibility will be key components of the evidence at the trial, and the jury will need to know why Plaintiff was incarcerated at the IDOC’s Decatur Correctional Center (“Decatur”). However, the Court finds that it is sufficient to tell the jury that Plaintiff was convicted of a felony — without specifying the exact nature of their respective felonies — and to tell the jury that she was being housed or incarcerated at the IDOC’s Decatur Correctional Center during the relevant time based upon her respective felony convictions. Otherwise, the trial could devolve into a mini-trial on the nature of Plaintiff’s convictions and sentences, which would be irrelevant and which would be unfairly prejudicial to Plaintiff.

However, Plaintiff's forgery conviction is different from her other convictions. The Seventh Circuit has noted that the crime of forgery is one that involves the truthfulness of the accused. *United States v. Byrd*, 771 F.2d 215, 219 (7th Cir. 1985)("[T]he crime of forgery involves dishonesty[.]"). Therefore, Plaintiff's forgery conviction is more probative of her truthfulness because an "essential characteristic" of that crime is that she acted "in a calculated and deliberate manner, has committed acts of falsification for the very purpose of deceiving." *United States v. Cameron*, 814 F.2d 403, 406 (7th Cir. 1987). Therefore, as for Plaintiff's forgery conviction, the Court will give Defendants and their counsel some leeway to offer some evidence of the facts surrounding Plaintiff's forgery conviction. How far Defendants and their counsel may go down that road depends on Plaintiff's testimony and the other evidence presented at trial because, again, the Court will not allow a mini-trial on her past forgery conviction, and the Court will continue to perform Federal Rule of Evidence 403's balancing test in determining what the Court allows Defendants to present.

The Parties may seek to offer evidence that could change the Court's analysis, or Plaintiff could open the door for Defendants to offer evidence of all of her specific convictions and sentences. But for now, Plaintiff's motion *in limine* number two is preliminarily granted, in part, and denied, in part. Accordingly, the Parties, their counsel, and their witnesses are limited to telling the jury that Plaintiff has been convicted of a felony. They may also offer evidence that she was convicted of felony forgery. How specific Defendants may be on the circumstances surrounding that forgery conviction will depend on the other evidence at trial. The Parties and their

7

counsel may also tell the jury that Plaintiff was housed or incarcerated with the IDOC at the Decatur Correctional Center during the relevant time based upon her felony convictions.[2] Counsel should inform their witnesses of the Court's ruling and instruction on this issue.

**Motion *in limine* Number 3: Plaintiff's Prior Bad Acts**

In her third motion, Plaintiff asks the Court to preclude Defendants from offering evidence or from making any argument regarding her "prior bad acts." Plaintiff specifically references her life circumstances and choices, both past and present. Plaintiff argues that such evidence is wholly irrelevant and should be excluded.

In their response, Defendants represent that they do not intend to present evidence of some of Plaintiff's bad acts, such as any disciplinary tickets that she received during the course of her incarceration. As to what other "bad acts" Plaintiff seeks to exclude, Defendants state that Plaintiff's motion is unclear, and therefore, the Court should deny the motion.

The Court agrees with Defendants that it cannot enter a blanket order precluding them from offering evidence regarding Plaintiff's "prior bad acts" or her "life choices." As such, the Court will deny Plaintiff's motion *in limine* three with leave to re-raise the issue at trial depending on the evidence offered at trial.

---

[2] In the Court's opinion, and only as a suggestion, the parties might consider some stipulations about these facts.

**Motion *in limine* Number 4: Plaintiff's Relationships**

In her fourth motion, Plaintiff asks the Court to bar any evidence of her past or current romantic or sexual relationships. Plaintiff points to Federal Rule of Evidence 412 in support of her motion, which prohibits evidence involving alleged sexual misconduct from being offered to prove that a victim engaged in other sexual behavior or to prove a victim's sexual pre-disposition. *Id*. Plaintiff argues that such evidence is irrelevant, has no probative value, and should be excluded by the Court.

Defendants respond that they do not intend to present evidence to prove that Plaintiff engaged in other sexual behavior, nor do they intend to present evidence to prove her sexual predisposition. However, Defendants state that they do plan to ask Plaintiff about the relationships that she had with individuals with whom she spoke on her recorded telephone calls. Therefore, Defendants ask the Court to deny Plaintiff's motion as to the issue of Plaintiff's discussions on the recorded telephone conversations.

Based upon Defendants' representation that they do not intend to offer any evidence of Plaintiff's prior or current relationships, Plaintiff's motion *in limine* four is denied as moot. The Court will address the issue of Plaintiff's recorded telephone conversations *infra* when considering Plaintiff's motion *in limine* six.

**Motion *in limine* Number 5: Plaintiff's Prior Drug Use**

In her fifth motion, Plaintiff asks the Court to preclude Defendants from offering any evidence regarding her prior drug use. In their original response, Defendants represented they do not intend to offer any evidence at trial regarding Plaintiff's prior drug use.

Based upon the circumstances and representations in later pleadings, by both the Plaintiff and Defendants, Plaintiff has withdrawn this motion and Defendants indicate they may elect to explore the full history of Plaintiff's prior drug use.

**Motion *in limine* Number 6: Plaintiff's Telephone Calls**

In her sixth motion, Plaintiff asks the Court to prohibit Defendants from offering evidence of any recorded telephone calls or email messages that she exchanged with individuals while she was in the IDOC's custody at Decatur. Plaintiff cites to cases that stand for the proposition that, although she had a lesser expectation of privacy while she was incarcerated, she did not totally lose her right to privacy.

Specifically, Plaintiff asserts that she could not have expected that her private messages would be aired to a jury someday, especially those that do not constitute a crime or a threat to the safety of the IDOC or its institutions. Plaintiff argues that this evidence is irrelevant and would only tend to confuse the jury on the issues before it. Therefore, the Court should exclude it.

Defendants ask the Court to deny Plaintiff's motion. Defendants note that the Court has previously denied similar requests from Plaintiff. Because she has offered nothing new in her attempt to preclude this evidence, Defendants argue that the Court should deny Plaintiff's motion *in limine* six.

Plaintiff's motion *in limine* six is denied. During the discovery phase of this case, United States Magistrate Judge Eric I. Long denied Plaintiff's motion for sanctions with regard to Defendants obtaining her recorded telephone calls and emails. D/E 66. On appeal, this Court affirmed Magistrate Judge Long's Report and Recommendation and

10

found that Plaintiff had no privacy interest in the calls and that she made to and the emails that she exchanged with her family and friends that were recorded while she was at Decatur. D/E 72, p. 6. Plaintiff has not (either previously or now) claimed that she was unaware or that she should have been aware that her calls were being recorded, nor has she alleged that the calls and emails at issue are protected by the attorney-client privilege. *Id*. Therefore, Plaintiff's motion is denied.

Nevertheless, the Court noted in its prior Order that the "[w]hether the phone calls are relevant and admissible at trial is another matter." *Id*. at n. 1. At this point, the Court has not heard the recorded telephone calls, nor has the Court read the email messages at issue. The Court cannot rule in a vacuum. Therefore, the Court denies Plaintiff's motion with leave to re-raise the issue at trial.

**Motion *in limine* Number 7: Non-Disclosed Experts**

In her seventh motion, Plaintiff asks the Court, pursuant to Federal Rule of Civil Procedure 26(a)(2)(c), to bar Defendants' two non-retained expert witnesses: Ryan Nottingham and Bradley Rogers. According to Plaintiff, Mr. Nottingham is a Prison Rape Elimination Act ("PREA") coordinator, and Mr. Rogers is an internal investigator at Decatur. Plaintiff argues that the Court should not allow these two individuals to testify as expert witnesses under Rule of Evidence 702 because Defendants' disclosures of them as non-retained expert witnesses is insufficient. Specifically, Defendants' disclosures as to these two witnesses did not include specific facts or opinions upon which they could or would rely upon in their testimony as required by Federal Rule 26(a)(2)(c).

Moreover, as to Mr. Rogers, Plaintiff asserts that he should be barred from offering testimony regarding any possible actions taken by the IDOC at Decatur after he concluded his investigation. Plaintiff states that, once an investigation is complete, the investigator's role is over, and therefore, the Court should not allow Mr. Rogers to offer any such testimony. Alternatively, Plaintiff moves the Court to limit Mr. Nottingham's and Mr. Rogers' testimony to their "vague" disclosures. Finally, Plaintiff moves the Court to bar Defendants from offering any undisclosed opinion testimony and to bar any previously undisclosed fact witness.

Defendants respond that their disclosures as to Mr. Nottingham and Mr. Rogers are sufficient under Federal Rule 26(a)(2)(c). Defendants argue that disclosures for non-retained experts under Federal Rule 26(a)(2)(c) need not be as detailed and as extensive as a retained expert's report under Federal Rule 26.

Defendants assert that their disclosures with regard to these two non-retained experts are sufficient, and they submit that they cannot be held responsible for Plaintiff's decision not to depose these two non-retained expert witnesses. As for Mr. Rogers, Defendants argue that he should be allowed to testify possible actions after an investigation concludes, which is within his scope of knowledge and expertise. Therefore, Defendants ask the Court to deny Plaintiff's motion *in limine* seven.

Plaintiff's motion *in limine* seven is denied. As the Parties note, there is no expert report for either Mr. Nottingham or Mr. Rogers for the Court to review to determine the basis of and for these witnesses' knowledge, the relevancy of their purported testimony, and the reasoning for any conclusions that they may offer. As such, the Court believes

12

that it is better to wait until trial to hear these witnesses' qualifications first-hand and the relevancy of any purported opinions that they want to offer before ruling on whether they offer such expert testimony or not. That said, the Court will enforce the Federal Rules of Civil Procedure, the Case Management Plan, and the Final Pretrial Order in determining whether a witness and/or his or her testimony was timely and properly disclosed. Therefore, Plaintiff's motion is preliminarily denied with leave to re-raise the issue at trial.

### Motion *in limine* Number 8: Judicial Notice

In her eighth motion, Plaintiff asks the Court to take judicial notice of the information filed in Illinois state court that charged Defendant Williams with nearly three dozen offense, Defendant Williams' guilty plea as to two of those offenses, and the sentence that Defendant Williams received as a result. Plaintiff asserts it is proper for the Court to take judicial notice of these documents pursuant to Federal Rule of Evidence 201.

Defendants ask the Court to deny Plaintiff's motion *in limine* eight. Defendants argue that Plaintiff fails to explain why the charging instrument, transcript of the guilty plea, or sentence imposed are relevant and subject to judicial notice. Defendants note that Defendant Williams was not charged or convicted for any act committed against Plaintiff. Accordingly, Defendant Williams' guilty plea or sentence do not include any references to Plaintiff. Therefore, these records are relevant to Plaintiff's claim. Finally, Defendants argue that the Court should exclude this evidence under Rule of Evidence 404 and 609.

13

Plaintiff's motion *in limine* eight is granted, in part, and denied, in part. Federal Rule of Evidence applies only to "adjudicative fact[s]" and provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). "The court may take judicial notice at any stage of the proceeding," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(d), (c)(2). "In a civil case, the court must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

"Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016). Because judicial notice "is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence," it "merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *Outley v. City of Chicago*, 2022 WL 4448739, * 2 (N.D. Ill. Sept. 23, 2022).

Here, the Court finds that Defendants Williams' information, conviction, and sentence satisfy Federal Rule 201's requirements, and therefore, the Court will take judicial notice of these documents. To that extent, Plaintiff's motion *in limine* eight is granted.

However, Rule 201 "does not operate in a vacuum, meaning that it does not operate as a magic wand that cures inadmissibility under other Evidence Rules." *Outley*, 2022 WL 4448739, at * 2. On the contrary, "facts subject to judicial notice are not exempt from analysis under the other rules of evidence." *Sunstar, Inc. v. Alberto-Culver Co.*, 2006 WL 6505615, at *3 (N.D. Ill. Nov. 16, 2006)(citation omitted). In short, judicial notice is not a magic wand that cures any violations of disclosure provisions in the Civil Rules or the Civil Rules' admissibility requirements. *Outley*, 2022 WL 4448739, at * 2.

Therefore, although the Court is willing to take judicial notice of these documents under Rule of Evidence 201, that does *not* mean that Plaintiff may use them at trial.

Because Defendants Williams' conviction and sentence did not involve Plaintiff or identify her as a victim of the crime to which he pled guilty, the Court fails to see the relevance of these documents and/or why they would not be excluded under Federal Rule 404(b) or Rule 609. Therefore, unless Plaintiff can demonstrate these documents' relevance and admissibility at trial, the Court will not allow her to offer them as evidence despite the fact that the Court has taken judicial notice of them under Federal Rule 201. To the extent that she cannot do so, Plaintiff's motion *in limine* eight is denied.

**Motion *in limine* Number 9: Referring to Plaintiff as a Felon**

In her ninth motion, Plaintiff asks the Court to preclude Defendants, their witnesses, and their counsel from referring to her as a "felon," "inmate," "convict," "offender," "ex-offender," "criminal," or by other such labels. Plaintiff argues that such a characterization of her has no probative value and is unfairly prejudicial to her before the jury.

Defendants respond that they should be permitted to Plaintiff as an inmate and as an offender because those terms are typically used to describe individuals in the custody of the IDOC. Defendants note that the jury will know that Plaintiff was an inmate with the IDOC who was housed at Decatur, and therefore, she will not be prejudiced by Defendants using this terminology. Finally, Defendants state that they do not intend to refer to Plaintiff as a felon, convict, ex-offender, or criminal.

Plaintiff's motion is denied as moot to the extent that she seeks to preclude Defendants from referring to her as a felon, convict, ex-offender, or criminal based upon Defendants representation to the Court that they do not intend to refer to her using those terms. Plaintiff's motion is denied to the extent that she asks the Court to prohibit Defendants from referring to her as an inmate or offender. Those terms are used in the vernacular to describe someone who is or was incarcerated. The Court has faith in the jury that the jurors will understand Plaintiff's position within the IDOC as an offender or inmate without attributing an overly prejudicial response to her claim simply because Defendants use those terms to describe her. Therefore, Plaintiff's motion *in limine* nine is denied.

**Motion *in limine* Number 10: State's Financial Situation**

In her tenth motion, Plaintiff moves the Court to bar all comments, testimony, evidence, or argument concerning the fiscal state of the IDOC or the State of Illinois and to portraying the jurors as taxpayers or as footing the bill of a potential verdict against Defendants. Defendants do not object to this motion.

Accordingly, Plaintiff's motion *in limine* ten is granted. Accordingly, Defendants, Defendants' witnesses, and defense counsel are prohibited from making any comments and from offering any testimony, evidence, or argument concerning the fiscal state of the IDOC or the State of Illinois and are barred from portraying the jurors as taxpayers or as footing the bill of a potential verdict against Defendants. Defense counsel is ordered to inform Defendants' witnesses about the Court's ruling on this motion.

**Motion *in limine* Number 11: Plaintiff's Financial Incentives**

In her eleventh motion, Plaintiff moves the Court to bar all comments, testimony, evidence or argument referring to any possible financial incentive on the part of Plaintiff. Defendants object to this motion and contend that they should be allowed to argue that Plaintiff had a financial motive to file this case.

The Court is unclear as to the basis for Plaintiff's motion or even its purpose. The Court does is baffled by this motion. Plaintiff's possible motives for filing this suit *are* at issue, unless Plaintiff is not going to ask the jury to award monetary damages to her. If Plaintiff is going to ask the jury to assess damages in her favor and against Defendants, the court expects the jury will be able to infer that Plaintiff filed this case, at least in part, for financial compensation. Therefore, Plaintiff's motion *in limine* eleven is denied.

17

**Motion *in limine* Number 12: Unnamed Defendants**

In her twelfth motion, Plaintiff asks the Court to prohibit Defendants from arguing to the jury that other potential defendants exist whom Plaintiff chose not to sue. Plaintiff argues that the jury will be asked to determine liability and damages with respect to Defendants—not anyone else. Thus, any reference to or argument about any individuals who were not sued would only serve to distract the jury and to confuse the issues, and should be excluded under Rule of Evidence 403.

Defendants object to Plaintiff's motion *in limine* twelve. Defendants argue that they were not personally involved in allegedly denying Plaintiff's Constitutional rights as is required for them to be held liable under 42 U.S.C. § 1983. Therefore, Defendants assert that they should be allowed to identify those who, possibly, were personally involved in depriving Plaintiff of her Constitutional rights.

Plaintiff's motion is preliminarily granted. Seventh Circuit Pattern Civil Jury Instruction 1.26 provides: "[Former Party] is no longer a defendant in this case. You should not consider any claims against [Former Party]. Do not speculate on the reasons. You should decide this case as to the remaining parties." *Id*. Although the issue here is not a former or dismissed party, the Court believes that the reasons for this pattern jury instruction are instructive and applicable here. The jury must focus on the individuals named as Defendants and must determine if *they* are liable to Plaintiff.

Defendants may seek to offer evidence at trial that could change the Court's analysis, or Plaintiff may open the door on this issue. But for now, Plaintiff's motion *in limine* number 12 is preliminarily granted. Accordingly, Defendants, Defendants'

18

witnesses, and defense counsel are prohibited from making any comments and from offering any testimony, evidence, or argument concerning the fact that other potential Defendants exist or that Plaintiff failed to name all of the individuals who could be or should be Defendants. Defense counsel is ordered to inform Defendants' witnesses about the Court's ruling on this motion.

**IT IS, THEREFORE, ORDERED:**

**Plaintiff's motions** *in limine* **[79] are GRANTED, in part, and DENIED, in part.**

ENTERED this 16th day of February, 2024

s/ Colin S. Bruce
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE
